# DePoister *v.* Gilmer.

## *Action for Trespass on Lands.*

1. *General charge in favor of defendant; when properly refused.* When there is any evidence before the jury, from which they would be authorized to infer that the plaintiff was, through his agent, in possession of the land shown to have been trespassed upon, and that the land mentioned by the witnesses was the identical land described in the complaint, a general charge in favor of the defendant is an invasion of the province of the jury, and is therefore properly refused.

[DePoister v. Gilmer.]

APPEAL from the City Court of Birmingham.

Tried before the Hon. HENRY A. SHARPE.

This action was brought by Morgan S. Gilmer, against George C. DePoister, to recover damages for an alleged trespass on a tract of land, which was described in the complaint as "the west half of the south-east quarter, and the south-east quarter of the south-west quarter, section thirty-two (32), township seventeen (17) south, range two (2) west;" and was commenced on the 16th March, 1886. The defendant pleaded the general issue, and a special plea averring that he entered, cut timber, quarried stone, &c., by the consent, permission, and license of the plaintiff; and the cause was tried on issue joined on these pleas. "On the trial," as the bill of exceptions states, "the plaintiff introduced one Fagart as a witness, whose testimony tended to prove that he was acquainted with the Morgan S. Gilmer land; that it was near Lake View, near Birmingham; that the defendant quarried and hauled away stone from said land, from September, 1885, to March, 1886, removing 4,000 cubic yards, according to his judgment," the market value of which he stated; "that the land was uninclosed woodland, and partly on the mountain; that the defendant, in quarrying stone, left it uneven and in holes, and defendant's wagons, in running over it, cut it into ruts, which washed into gullies; and that he (witness), with some other parties, while the defendant was quarrying stone on the land, surveyed and cleared off some streets through it for plaintiff. The plaintiff then introduced his father, George Gilmer, as a witness, whose testimony tended to prove that he was plaintiff's agent; that he went on the lands on the 30th December, 1885, where defendant was getting out and hauling away stone, and notified him to stop work; that the defendant admitted he had been quarrying and removing stone from the lands; that he then told defendant, in the same conversation, he might go on quarrying stone, if he would first go to plaintiff's attorney, and enter into a written contract to build a good road through said land, into some public road leading to Birmingham, and also open up a quarry with a face of two hundred feet; that the defendant never entered into said written contract, but continued to quarry and remove stone until March, 1886; that plaintiff was in possession of said land by said witness as his agent, and had been paying taxes on the land, but had never been on the land himself; and that he, said witness, had assisted Fagart in running off and clearing out streets through the land. This being, in substance, all the evidence, the defendant requested the court, in writing, to charge the jury,

[Nathan v. Tompkins.]

that they must find for the defendant, if they believed the evidence." The court refused this charge, and the defendant excepted to its refusal; and this refusal is now assigned as error.

McADORY & GILLESPIE, for the appellant.—The plaintiff showed no cause of action in his favor, because he proved neither possession nor title in himself to the lands mentioned by the witnesses; nor was there any evidence identifying the lands described in the complaint, as the lands mentioned by the witnesses. This defect of proof was fatal to the plaintiff's action, and the defendant was not required to adduce any evidence at all.

WEATHERLY & PUTMAN, contra.

SOMERVILLE, J.—The evidence tended to show, and from it the jury were authorized to infer, that the plaintiff was in the actual occupancy of the land in controversy, through his agent; and the testimony also tended to identify this land as being the same with the tract called "the Morgan S. Gilmer land," which is shown to have been trespassed on by the defendant. The general affirmative charge, therefore, requested in behalf of the defendant, which was equivalent to a demurrer to the evidence, was properly refused by the court, because it infringed on the prerogative of the jury.

Affirmed.