# Curry *v.* Shelby.

*Action on Common Counts, with Special Count on Order.*

1. *Written order payable out of specified fund when collected.*—A written order on an attorney, directing him to pay a specified sum out of the proceeds of a certain claim in his hands for collection, if and when collected, is a mere equitable assignment of the claim, and does not import a promise by the drawer to pay it if the claim is not collected; but, not being received as payment, the drawee may recover on his original debt.

2. *Implied promise to pay for physician's professional services.*—Defendant's liability to pay for the professional services rendered by plaintiff, as a physician, to a person who was confined at defendant's house, having been seriously injured by an accident, is established by proof of the facts, that the services were rendered at

[Curry v. Shelby.]

the instance and request of the defendant, after plaintiff had proposed to discontinue his attendance; that defendant did not deny his liability when the account was presented, but objected to the amount, and finally gave plaintiff an order on an attorney, payable out of a particular claim when collected, saying that he would pay that and no more. But, the evidence further showing that plaintiff had gone to the bedside of the injured man, who was a relative of both parties, without summons from any one, and was in attendance on him when, proposing to discontinue his visits, he was requested by defendant to continue, the burden is on him to show, not only such request, but a promise by defendant to be responsible; and the evidence further showing that the account was charged on plaintiff's books, not to the defendant, but to the person injured, the plaintiff is not entitled to the general affirmative charge.

3. *Revelancy of evidence as to services rendered by another person.* Plaintiff suing to recover for professional services rendered by him as a physician, at defendant's instance and request, to a person confined at his house by an accidental injury, another physician, who also attended the injured man, can not test'fy, on behalf of the defendant, that he so attended at the instance and request of the injured man himself.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. HENRY C. SPEAKE.

This action was brought by Dr. Anthony B. Shelby, against Burwell J. Curry, and was commenced on the 10th January, 1888. The complaint contained the common counts, each claiming $200, and a special count on a written order signed by the defendant, directed to D. D. Shelby, instructing him to pay plaintiff $200 out of the proceeds, when collected, of a specified claim in his hands as attorney for collection; which order was indorsed by D. D. Shelby, April 11th, 1887, "It is doubtful about ever making any collections in this matter, but, if I collect it, I will pay $200 to A. B. Shelby," and it was never paid. The plaintiff's cause of action was professional services rendered by him as a physician, at the alleged instance and request of the defendant, to Judge F. L. Hammond, who was the plaintiff's uncle and the father-in-law of the defendant; and the defendant denied his liability, pleading the general issue and several special pleas. The evidence showed that Judge Hammond was thrown from his buggy in the streets of Huntsville, November 12th, 1883, was carried to the defendant's house, being seriously injured, and died from the effect of his injuries in August, 1886. The plaintiff's account for professional services rendered, as offered in evidence on the trial, showed daily attendance and services from November 12th to December 31st, aggregating $390.50; but he only claimed the amount shown by the written order. Dr. J. J. Dement, a witness for defendant, testified that he had been Judge Hammond's physician for many years, and

[Curry v. Shelby.]

went to him at once on hearing of his injury; that he and plaintiff both attended on him, until plaintiff discontinued his visits about the 1st January, and that he continued his own attendance until Hammond's death. Being asked by defendant, "who employed him to attend on Judge Hammond, the witness answered: 'I was employed by Judge Hammond himself; he said to me after I got there, that he wanted me to attend to his case.'" The court excluded this answer, on objection by plaintiff, and defendant excepted. The substance of the evidence is stated in the opinion of the court. The court gave the general affirmative charge in favor of the plaintiff, and refused several charges asked by the defendant. The errors assigned are the exclusion of the testimony of Dr. Dement, and the charge given.

L. W. DAY, for appellant.

HUMES, WALKER & SHEFFEY, *contra.*

CLOPTON, J.—The complaint contains the common counts, and a special count declaring on a written order drawn by defendant in favor of plaintiff. The suit is really founded on defendant's personal liability for services rendered by plaintiff, as physician, to F. L. Hammond, who was the father of the defendant's wife, and to whose house he was carried when injured. The sole question we deem necessary to consider is, the propriety of the affirmative charge given in favor of the plaintiff.

The order, upon which the special count is founded, is not an absolute, unconditional promise to pay the sum specified therein, but a direction to pay out of a particular fund, the proceeds of a particular claim against a third person held by the drawee as the attorney of the drawer, when collected. It does not import a promise to pay, if the claim is not collected. Whether, therefore, the order was given in consideration of the release and discharge of Hammond's estate from liability, or in compromise of the claim preferred against defendant personally, it constitutes merely an equitable assignment of the claim particularized therein. Such being its nature, the law does not raise in favor of the payee, against the drawer, a promise to pay, in the event the claim, from the proceeds of which its payment is directed, can not be, or is not collected. Plaintiff is not entitled to recover under the special count, on the mere ground that the draft has not been paid.—*Averett v. Booker*, 15 Grat. 163. As, however, it appears that the draft was not received as pay-

ment unless paid, plaintiff is not precluded from recovering on his original debt, at least to the amount of the order; and the circumstances under which it was given may be considered, in determining the question of defendant's personal liability to plaintiff for his services.

The question then arises, is the liability of defendant a conclusive legal implication from the evidence, which is uncontradicted? The main facts, upon which plaintiff relies, are: that defendant went for him two or three times to go and see Hammond, which he did; that on two occasions he proposed to discontinue his attendance, when defendant requested him to continue his visits; and that after Hammond's death, he presented his bill, which was for five hundred dollars, to defendant, as a claim against him individually, and asked its payment, when he did not deny his responsibility, but objected to the amount; and after a dispute and some angry words, he wrote the order above mentioned, and handed it to plaintiff, saying he would give him that, and would not pay him another cent, and if he did not take that he would not get anything. Plaintiff further testified, that he rendered the service after defendant went for him, until he quit in January, 1884, in consequence of his request. If these facts stood alone, an agreement on the part of defendant to pay plaintiff for his services would be clearly implied; but there are qualifying facts, in connection with which they should be considered. Immediately upon hearing of Hammond's injury, plaintiff went to see him, and rendered medical assistance, without request by defendant, who was not at home, and was visiting him when defendant went for him to go and see Hammond; and when he proposed to discontinue his visits, Hammond and the wife of defendant united in requesting him not to do so. The account for services was charged on the books of plaintiff to Hammond, and when the bill was presented to defendant, he was his administrator, but this was unknown to plaintiff.

Though plaintiff, in the beginning, may have rendered services solely upon Hammond's responsibility, in the absence of a special contract, he was not bound to continue to do so, and had the right to discontinue, and enter into a contract with defendant to become responsible for his subsequent services; but, in such case, the burden is on him to show, not only a discontinuance, or a proposal to discontinue, but also an agreement on the part of defendant to be responsible. Plaintiff testified that he had no conversation with defendant, as to who was to pay for his services. There is no pretense of an express agreement; in the absence of such, it was necessary for

[Burton v. Henry.]

plaintiff, in order to entitle him to the affirmative charge, to prove facts undisputed, from which the law would conclude an actual, though implied, agreement. The cause of plaintiff's proposals to discontinue his attendance does not appear. Though the evidence is not conflicting, it is oral, and manifestly inferences are to be drawn therefrom upon consideration of all the facts and circumstances. Every person, who may go for the regular attending physician when needed by his patient, or who, from considerations of friendship or humanity, may request him not to discontinue his attendance, does not render himself responsible for the services of the physician. Whether he does or not, depends upon the attendant circumstances. However well satisfied the court may be as to the proper inferences, if there be any evidence, however weak, from which an adverse inference may be drawn, the case can not properly be taken from the jury. *DePoister v. Gilmer*, 82 Ala. 435.

There is no error in the exclusion of the testimony of Dr. Dement objected to. It was irrelevant, not tending to shed any light upon the issue between the parties.

Reversed and remanded.