[Montgomery Brewing Co. v. Caffee.]

## Montgomery Brewing Co. *v*. Caffee.

*Action on Account for Medical Services.*

1. *Liability of principal for services rendered at instance of agent.*—In an action to recover for professional services rendered by plaintiff as a physician and surgeon to a negro driver in the employment of the defendant corporation, whose leg was fractured by a runaway horse, requiring the amputation of the limb and resulting in his death; evidence showing that plaintiff, when first called to the negro, asked defendant's agent in Birmingham, where the accident occurred, who would be responsible for his attention to the negro; that the agent replied, "that he had no authority to bind the company by such a contract, but would write to the company (in Montgomery) and let him know;" and that on the next day, plaintiff asking if he had heard from the company, the agent showed him a telegram in these words, "Have the negro treated"—is sufficient to support a judgment for plaintiff.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAMES B. HEAD.

ALEX. T. LONDON, for appellant.

M. A. MASON, *contra*.

COLEMAN, J.—The case was tried by the court without the intervention of a jury. The suit was upon an account to recover for medical services rendered by the plaintiff to an employè of the defendant. The evidence tends to show that the employè, while engaged in the performance of his duty, had his leg fractured by a runaway horse; and the plaintiff having been called professionally to attend the patient, met J. W. Hughes, an agent of the defendant, and inquired of him, who would be responsible for his medical attention to the injured party. The evidence conflicts as to this conversation between them; but it is evident the plaintiff did not intend to render gratuitous services, and that he did not rely upon either Hughes or the patient for compensation. We think this is shown not only by plaintiff's testimony, but by defendant's. The witness Hughes testifies, that plaintiff pressed him to say that defendant would be responsible, but he says he told plaintiff that "he had no authority to bind the defendant" by such a contract, "but that he would write to the company and let him (plaintiff) know." The evidence then shows that, on the next

VOL. 93.

day, plaintiff went to see Hughes, and asked him if he had heard any thing from the company in reference to the case; and Hughes showed him a telegram from the defendant, as follows: "Have the negro treated." It was admitted that this telegram was genuine, and the proof shows it was in reference to the driver. When Hughes showed the telegram to plaintiff, he made no explanation or qualification of its meaning, or as to the character of the communication to which it was responsive. Taken in connection with what preceded— plaintiff's pressing desire to know if the company would pay him for his services, and the promise of Hughes, the agent of the defendant, "to write and let him know"—and then in reference to his services, to be shown by Hughes a telegram, "Have the negro treated," the plaintiff was entirely justified in his conclusion, that Hughes was authorized to procure medical services to "have the negro treated." The principle of law that he who deals with an agent is bound to know at his peril the extent of the agent's authority, is founded in justice, and is necessary for the protection of the principal; but the law will not permit that which was intended for the protection of the principal, to be used by him as a snare or instrument of wrong and injury to others. The telegram was without qualification, and imported authority to Hughes to have the negro treated properly, and if necessary to procure professional treatment.—*A. G. S. R. R. Co. v. Hll,* 76 Ala. 307.

The question becomes narrowed down to the extent of the employment of plaintiff by Hughes. A careful examination of the testimony leads us to the same conclusion as that reached by the trial court. We are satisfied the hospital fees did not include the fees for medical treatment. No question is made as to the value of the services.

Affirmed.