# Shrimpton & Son v. Brice & Donehoo.

*Action of Assumpsit.*

1. *Hearsay evidence.*—Where, in an action of assumpsit to recover the price of pins sold, the account introduced in evidence by plaintiff showed an indebtedness for "4 great gross & 135⅓ papers pins," it is error to permit one of the defendants to testify that he told his clerk to order from plaintiff "5 great gross of pins;" such statement being mere hearsay.

2. *Irrelevant evidence.*—In an action to recover for goods sold defendant, which goods defendant refused to receive, a note written by defendant to the depot agent at the place of consignment, telling him not to send to defendant said goods, is irrelevant, and its introduction in evidence is error.

3. *Same; financial rating, and quantity of goods suitable for a particular business.*—Where, in an action of assumpsit to recover the price of a quantity of pins, the complaint contains the common counts for goods sold and for a stated account, and the defendant pleads the general issue, the issue on the trial of the cause is whether defendant pur-

[Shrimpton & Son v. Brice & Donehoo.]

chased the pins from the plaintiff; and evidence as to defendant's financial rating, and as to the quantity of pins suitable for defendant's trade is irrelevant, incompetent, and should be excluded,

4. *Same; special advertisement on goods sold makes them unsalable.*—In such a case, evidence that the special advertisement of defendant's name and place of business, placed upon the papers of pins shipped to defendant rendered them unsalable to other merchants is irrelevant, and should be excluded as shedding no light upon the issue before the jury.

5. *Same; disputing the genuineness of a signature to an order.*—In an action for the price of goods, where the complaint does not count upon the order therefor as the foundation of a suit, but such order is admitted collaterally to sustain the cause of action, its genuineness may be disputed without a sworn plea; and it is competent for a witness to testify "that in his judgment the signature to the order was not in the handwriting" of either of the two defendants, or of their clerk.

6. *Same; matters for consideration by the jury.*—In an action to recover the price of a certain quantity of pins alleged to have been purchased from plaintiff by defendants through an order, where the issue upon which the case was tried was whether or not defendants bought such a quantity of pins from plaintiff, the production of the envelope in which plaintiff testified the order was received, with its postmark at defendants' post office, the admission of defendants' clerk that the address was in his handwriting and the order itself are admissible in evidence as matters for the consideration of the jury in determining the genuineness of the order.

7. *Limiting argument of counsel; discretionary with the court.*—It is within the discretion of the trial court to limit the arguments of counsel, but ample time should be allowed for a full discussion of each particular case; and, where in the exercise of this discretion the trial court limits the arguments on each side to thirty minutes, and it is not clearly shown that the court's discretion was thereby abused to the prejudice of one or the other litigant party, such limitation will not be set aside, or the ruling reviewed on appeal.

8. *Action for goods sold; mistake in quantity ordered no bar to recovery.* In an action of assumpsit for the price of goods sold on a written order, the mere fact that the defendants, in ordering the goods, by mistake ordered a larger quantity than they intended to order, is no defense to the action, and constitutes no bar to a recovery.

9. *Same; burden of proof as to genuineness of order; charge thereon.*—In an action to recover the price of goods, where the complaint contains counts for goods sold and delivered and upon an account stated, and not upon the written order alleged to have been received by plaintiff, upon which order the goods were shipped to defendant, the burden is upon the plaintiff to prove that the order purporting to be signed by defendants is genuine; and a charge to the jury in such case, that the burden of proof is upon defendant to show that

the order was not genuine, is erroneous and properly refused.

10. *Same; charge as to making order for goods.*—Where, in an action to recover the price of goods alleged to have been sold, the execution of the written order upon which the goods were sold is a disputed fact, a charge that "If the jury believe from all the evidence in the case that the order was made, the plaintiff is entitled to recover the debt and interest thereon," is erroneous, because it omits to predicate "if the order was made by the defendants, or their agent," which predicate is a prerequisite to plaintiff's right to recover.

11. *Principal and agent.*—Where a principal authorized his clerk or agent to sign the principal's name to an order, so that it would have purported to have been signed by such principal, and not by an agent, the principal is bound to the same extent as if, in fact, the order had been signed by him.

APPEAL from the Circuit Court of Blount.

Tried before the Hon. JOHN B. TALLY.

This was an action of assumpsit counting upon the common counts; brought by the appellant, Alfred Shrimpton & Sons (Limited), a corporation, against the appellees, Brice & Donehoo, to recover an amount alleged to be due plaintiff, for a quantity of pins sold by the plaintiff to the defendants upon their order.

The complaint contained the common counts for goods, wares and merchandise sold and delivered and upon an account stated. Issue was joined on the plea of the general issue. On the trial of the case, as is shown by the bill of exceptions, the plaintiff introduced in evidence an itemized statement of the account, which was verified by the affidavit of the secretary of the plaintiff. Upon the introduction of James A. Brice, one of the defendants, as a witness, he was shown the statement of the account which was introduced in evidence, and was asked: "Is that account correct?" The plaintiff objected to this question, on the grounds that no affidavit had been filed in the case by the defendants, denying the correctness of the account, and that it called for a conclusion of the witness. The court overruled this objection, and plaintiff duly excepted. The witness answered that said account was not correct, and that the defendants had never made such an account with the plaintiff. This witness further testified, on cross examination, that some time in the Spring of 1891, while the defendants were engaged in carrying on a general mercantile business at Murphree's Valley, they received through

42

the mail, addressed to them, a letter from the plaintiff soliciting their purchase of the pins manufactured by the plaintiff, and that inclosed in this letter was a sample of said pins, and a blank order on the plaintiff for any quantity of pins desired; that at that time defendants had clerking for them one Perry Bynum; that he, Brice, instructed the said Bynum to make an order on the plaintiffs for some pins, and that in obedience to said instruction, the said Bynum filled out one of the blank orders, and inclosed such order in an envelope directed to the plaintiff. This witness further testified that he had no recollection of receiving from the plaintiff a letter acknowledging the receipt of their order for the pins, and in this respect he was corroborated by the testimony of Donehoo and their clerk Bynum. It was further shown by the testimony of this witness that, on one occasion, when one Amberson was hauling some freight for the defendants from Attalla, a shipping point on the Alabama Great Southern Railroad used by the defendants, to their place of business at Murphree's Valley, Alabama, Amberson hauled the pins which had been shipped by the plaintiff to the defendants, and the defendants refused to receive the same. On examination in rebuttal of this witness, he was asked by his attorney to "State what you said to Mr. Bynum in reference to making an order on plaintiff for some pins?" The plaintiff objected to this question on the grounds that it called for immaterial and irrelevant testimony, and "that secret instructions to the agent from the principal is inadmissible as against third persons dealing with the principal in good faith." The court overruled this objection, and the plaintiff duly excepted. In answer to this question the witness answered: "I told Mr. Bynum to order from the plaintiff five great gross of pins;" and he further stated positively, that he never instructed Bynum to make an order on plaintiff "for five great gross papers of pins." Against the objection and exception of the plaintiff this witness was allowed to testify further, in rebuttal, that when Amberson was hauling freight for defendants from Attalla, he, Brice, wrote a note to the depot agent at Attalla, as follows: "Please let J. D. Amberson have all our freight except a lot of pins from Alfred Shrimpton & Sons, of New York, [signed] Brice & Donehoo." There was no evidence

showing that this notice was ever handed to the agent at Attalla, or that he had any notice or knowledge of it. Upon the further examination of Brice, he was asked by the defendants the following question: "How many pins does the firm of Brice & Donehoo usually sell in a year?" The plaintiff objected to this question, on the ground that it called for immaterial and irrelevant evidence, but the court overruled the objection, and to this action of the court the plaintiff duly excepted. The defendants were allowed to give evidence tending to show their financial rating, the amount of their annual business, and whether or not the amount of pins alleged to have been purchased by them from the plaintiff, was a reasonable purchase of pins for their trade and business. To all of this evidence the plaintiff objected, and moved the court to exclude it from the jury, on the ground that it was irrelevant and immaterial to the issues raised by the pleadings in the cause. The court overruled this motion and objection by the plaintiff, and permitted the testimony to go to the jury; and to this ruling the plaintiff duly excepted.

Upon the examination of Perry Bynum as a witness his testimony tended to show that, while clerking for the firm of Brice & Donehoo in their store at Murphree's Valley, Alabama, the Mr. Brice of said firm "handed to him an envelope, addressed to plaintiff and a blank order, or printed blank for order on plaintiff for pins, * * and told him to order from the plaintiff 5 great gross of pins;" that he, Bynum, signed the name of "Brice & Donehoo" to the order, and mailed the same to the plaintiff. Upon this witness being shown the order for the pins, which was received by the plaintiff, he testified that it did not look like the order which he had signed, but he would not be positive that it was not the same one made by him.

By the deposition of A. A. Wright, which was read in evidence in behalf of plaintiff, it was shown that said A. A. Wright was the president of the plaintiff, and had the management of the affairs of the plaintiff's business in the United States; that in the early part of 1891, he caused to be mailed to the defendants a letter, soliciting an order from them for the pins manufactured by the plaintiff, and that in said letter there was enclosed a blank form for an order and a sample copy of the pins; that

on April 11, 1891, the plaintiff received a letter from Brice & Donehoo, written on the blank form of order sent them by the plaintiff, as follows: "Alfred Shrimpton & Sons, Limited. Pin Department, 273 Church Street, New York City. Please put up for us 5 great gross papers pins, 360 pins in a paper, with our advertisement printed at the head of each paper, and between the rows, in the following sizes, 'Assorted.'" Then follows the directions for the advertisement on the papers of pins. This order was signed "Brice & Donehoo."

The deposition of said A. A. Wright further tended to show that, after obtaining from its mercantile agency a report of the defendants which was satisfactory, he wrote a letter to Brice & Donehoo on April 21, 1891, acknowledging the receipt of their order, and stating that he had sent it to the factory to be filled. This letter was introduced in evidence. It was further shown by the testimony of this witness that plaintiff shipped the pins to Brice & Donehoo, but that no part of the indebtedness from the defendants to the plaintiff had ever been paid or discharged. There was attached to the deposition of the witness A. A. Wright, the envelope in which the witness stated the order was received, and this envelope was postmarked Murphree's Valley, Alabama, addressed to "Messrs. Alfred Shrimpton & Sons, 273 Church Street, New York city, New York," and had on it the directions to return to Brice & Donehoo, Murphree's Valley, Alabama, if not called for in ten days. This envelope was offered and read in evidence.

The 11th direct interrogatory propounded by plaintiff to witness A. A. Wright was as follows: "Please make a full and elaborate statement of any other fact or facts within your knowledge that would be of benefit to plaintiff in this suit." To this interrogatory the witness answered: "I would state that the pins prepared and shipped by us to Brice & Donehoo, in compliance with their order, are almost worthless to any one but them, on account of the special printing which each and every paper contains. We could not re-sell them, as no merchant will handle goods with another's advertisement on them." On motion of the defendants the court excluded from the jury this answer, and to this action of the court the plaintiff duly excepted. The second cross-interrogatory propounded by the defendants to the witnesses A.

A. Wright and D. E. Wright, who was the secretary of the plaintiff, was as follows : "Did you make any investigation of the financial condition of Brice & Donehoo, before sending off or accepting their order, if so, how did you make this investigation and what did you ascertain? Did you learn the kind of business in which they were engaged, and to what extent? If so, what was the result of your investigation? Is it comm'n to ship a country merchant as many pins as you shipped Brice & Donehoo?" The plaintiff objected to this cross-interrogtory, because it calls for immaterial, illegal end irrelevant testimony ; but the court overruled this objection, and the plaintiff duly excepted. The third cross-interrogatory propounded to these two witnesses was as follows : "What is the usual amount of pins ordered by country merchants, carrying a stock of four, five to ten thousand dollars, dealing in general merchandise?" To this cross-interrogatory the plaintiff objected on the same grounds, and duly excepted to the court's overruling its objection. The fourth and fifth cross-interrogatories propounded to said witnesses were as follows : "Cross-interrogatory 4. Is it not a fact that you never received an order at any time from any country retail merchant for the amount of pins shipped to defendants? Did you at any time ever ship as many pins to any retail country merchant as shipped by plaintiff to defendants, and have no trouble with the order?" "Cross-interrogatory 5. What is the amount of pins usually ordered by retail country merchants, who carry a stock of general merchandise of four, five to ten thousand dollars? Is it not a fact that an order of as many pins as plaintiff shipped defendants, would be a very unusual order for a party or firm to make, who is engaged in a country retail trade with a stock of general merchandise of from four, five to ten thousand dollars?" To each of these cross-interrogatories the plaintiff separately excepted, because each called for immaterial, illegal and irrelevant evidence. The court overruled each objection, and the plaintiff separately excepted to each ruling of the court. The plaintiff moved to exclude the answers to each of these cross-interrogatories from the jury, and separately excepted to the court's overruling each of these motions.

A part of the 5th interrogatory propounded to the witness D. E. Wright was in these words : "Now you will

please relate any fact or facts within your knowledge that will, in your opinion, be of benefit to plaintiff in this suit, or that will corroborate the testimony of Mr. A. A. Wright?'' In answer to this portion of the said interrogatory, the witness D. E. Wright stated: ''I know that the order of Brice & Donehoo was accepted and filled by us in good faith, and in the belief that it was mutually understood.'' Defendants moved the court to exclude this answer from the jury, which motion the court granted, and to this action of the court the plaintiff duly excepted.

In rebuttal, defendants examined F. G. Donehoo, a member of the firm of Brice & Donehoo, who testified that he was acquainted with the handwriting of Perry Bynum and that of James A. Brice, of the firm of Brice & Donehoo, and on the examination of the original order for pins, this witness further testified, ''that in his judgment the signature to the order was not in the handwriting of either Brice or Perry Bynum. Did not resemble either handwriting. That the part filled in in red ink resembled Brice's writing.'' The plaintiff objected to this testimony as being immaterial and irrelevant, and moved to exclude the same. The court overruled this objection and motion, and to this action of the court the plaintiff duly excepted.

The bill of exceptions recites that, ''after the closing of the evidence, and before the argument of counsel was commenced, the court announced that he limited the argument of counsel in the cause to thirty minutes on a side. The counsel for plaintiff objected to being limited in the argument of the cause to judge and the jury to so short a time, and the court overruled the objection and enforced the limit, and to this action of the court plaintiff duly excepted.''

The court, in its general charge to the jury, instructed them, among other things, as follows: ''If you believe from the evidence that the defendants, in making their order, made a mistake in the amount of pins, and ordered more than they intended to order, and that the plaintiff knew that such mistake was made, and, notwithstanding such mistake and knowledge, filled the order and shipped the pins, there was not such a coming together of minds as would constitute a contract, and the defendants were not bound to receive the pins, and if

they refused to receive them, and did not receive them, they are not liable to pay for them." To the giving of this part of the general charge the plaintiff duly excepted, and also separately excepted to the court's refusal to give each of the following charges requested by it: (1.) "If the jury believe the evidence, their verdict must be in favor of the plaintiff." (2.) "If the jury believe the order purporting to be signed by Brice & Donehoo is genuine, their verdict must be for the plaintiff." (3.) "The burden of proof is upon the part of the defendants to show that the order purporting to be signed by Brice & Donehoo is not genuine." (4) "If the jury believe from all the evidence in the case that the order was made, the plaintiff is entitled to recover the debt and interest thereon." (5.) "If the principals, by their declarations or conduct, authorized the opinion that they had given more extensive powers to their agent than were in fact given, they would not be permitted to avail themselves of the information." (6.) "If a principal clothes his agent with authority calculated to induce others to believe that the agent has full power to act, the principal must be bound thereby, otherwise third persons acting in good faith might be injured." (7.) "If the jury believe from the evidence that Bynum had the authority to make the order on plaintiff for pins, although he made a mistake in the amount of the pins, the defendants would be liable." (8.) "If the jury believe from the evidence that the contract attached as an exhibit to the deposition is genuine, and was signed by Brice & Donehoo, or by their authority, plaintiff is entitled to recover."

There was judgment for the defendants. The plaintiff appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved.

EMERY C. HALL, for appellants.—The evidence elicited by the cross interrogatory propounded to the witnesses A. A. and D. E Wright, as well as all other evidence tending to show the financial condition of the defendants Brice & Donehoo, the amount of their annual business, and whether the purchase in question was a reasonable purchase for their business, was wholly irrelevant and immaterial to any issue in the case.—3 Brick. Dig. 426, §§ 287, 289, 290; *Langworthy v. Goodall*, 76 Ala. 325;

1 Greenleaf on Evidence, §§ 52, 448; *Singleton v. Thomas*, 73 Ala. 205.

Any defense, special in its nature, or reaching beyond a mere denial, the statute requires to be specially pleaded. If defendants would rely upon mistake or fraud, it must be pleaded.—Code of Alabama, 1886, § 2675; *Howland v. Wallace*, 81 Ala. 238; *Burns v. Campbell*, 71 Ala. 271; *Trammell v. Hudmon*, 56 Ala. 235.

The portion of the court's general charge, to which exception was reserved, is clearly erroneous.—*Juzan v. Toulmin*, 9 Ala. 662; *Eastman v. Hobbs*, 26 Ala. 741; *Wheat v. Cross*, 1 Amer. Rep. 28. Charge No. 7 requested by the plaintiffs should have been given.— *Schenectady Stove Co. v. Holbrook*, 30 Hun. (N. Y.) 86; 101 N. Y. 45; 21 Amer. & Eng. Encyc. of Law, 451 and note.

That defendent Brice told his clerk Bynum to make an order on plaintiff for five great gross of pins was a secret instruction of the principal to his agent, and was not admissible as against the plaintiff. If a principal clothes his agent with authority calculated to induce others to believe that the agent has full power to act, the principal must be bound thereby. The principal, having conferred the character of agent, will not be heard to assert, as against third persons who have relied thereon in good faith, that he did not intend to impose so much authority; if so, third persons dealing in good faith might be injured. The principal will be bound though the act done may have exceeded or violated his instructions.—*Mc-Clung's Ex. v. Spottswood*, 19 Ala. 165; Mechem on Agency, §§ 277, 278, 279, 282, 283; *Golding v. Merchant*, 43 Ala. 705; *Wheeler v. McGuire*, 86 Ala. 398; *Louisville Coffin Co. v. Stokes*, 78 Ala. 372; Storey on Agency, §§ 73, 74, 82; 1 Amer. & Eng. Encyc. of Law, 354, 410.

INZER & WARD and INZER & MONTGOMERY, *contra*.— Where, through some mistake of fact, the parties to a contract assent to a different proposition, there is no valid agreement, notwithstanding the apparent mutual assent. Free and voluntary consent is an essential element of every contract, and of every disposition of property.—3 Brick Dig. 142, § 7; Benj. on Sales, 72, § 50.

COLEMAN, J.—The appellants sued in assumpsit to

[Shrimpton & Son v. Brice & Donehoo.]

recover the value of a quantity of pins claimed to have been sold and delivered to the defendants, who were merchants doing business at Murphree's Valley, Ala. The complaint counts in the common form for goods, wares and merchandise sold and delivered, and also upon a stated account. The trial was had upon a plea of the general issue. The account introduced by plaintiff showed an indebtedness for "4 great gross and 135½ papers pins, at 3¾ cents per paper. $320.10." The evidence showed that a Mr. Bynum was a clerk for the defendants, and that Attalla was the depot at which defendants received their goods, and the place to which the pins were shipped.

The defendant Brice, being on the stand as a witness for himself, was permitted to testify that he "told Mr. Bynum to order five great gross of pins." An order for five great gross papers of pins was shown him signed Brice & Donehoo, and he testified that he "did not recollect that he saw the order or directed Mr. Bynum to sign the order shown him." We are of opinion the court erred in permitting the question and answer. What was stated to Mr. Bynum was mere hearsay. Such evidence was calculated to impress the jury that it was corroborative evidence. The court erred in permitting the defendants to introduce in evidence a note written by the defendants to the agent at Attalla, in regard to the pins; also in admitting evidence "as to how many pins the firm of Brice & Donehoo usually sold in a year," and "as to their financial rating, and annual business," and whether the "amount of pins alleged to have been purchased was a reasonable purchase for their trade." The issue in this case was whether they purchased the pins or not, and this issue could not be properly determined by the consideration of questions affecting the policy or wisdom of the purchase, or the financial rating of the defendants, or the amount of goods suitable for the trade of the defendants. What is here said applies also to the action of the court in overruling objections to cross-interrogatories propounded by defendant to the witnesses A. A. Wright and D. E. Wright, the object of which was to elicit similar testimony. The objections were well taken, and should have been sustained.

The court did not err in excluding the answer to the plaintiff's 11th direct interrogatory to A. A. Wright.

Whether the special advertising of defendants' name and place ef business placed upon the papers of pins, rendered them unsalable to other merchants, shed no light upon the issue before the jury. There was no error in excluding that part of the answer of the witness D. E. Wright to the 5th interrogatory to which an exception was reserved. The court did not err in receiving the testimony of the witness Donehoo, "that in his judgment the signature to the order was not in the handwriting of either Brice or Bynum." Neither of the counts of the complaint counts upon the order for the pins as the foundation of the suit, as provided in section 2770 of the Code. It was admissible in evidence collaterally to sustain the cause of action as laid. When thus offered in evidence, the genuineness of the instrument may be disputed without a sworn plea.—*Garrett v. Garrett,* 64 Ala. 263.

Under the evidence of the witness Wright, the production of the envelope, in which he testified the order was received, with its post mark at Murphree's Valley, the admission of Bynum that the address was in his handwriting, the order itself, in connection with the evidence of Donehoo, that the red-lines ''resembled Brice's handwriting'', and other circumstances, were matters for the consideration of the jury in determining the genuineness of the order.

We can not say the court abused its discretion in limiting counsel to thirty minutes on each side for argument; but we suggest that, in the exercise of the use of its discretionary power in this respect, it is the better practice to allow ample time for a full discussion of the facts of the case.

The court erred in that part of the oral charge to which an exception was reserved. If the defendants in fact ordered five great gross papers of pins through a mistake on their part as to how many pins were included in the order, such a mistake can not be visited upon the plaintiff who filled the order as written. Excluding the illegal evidence admitted, and there is not a scintilla of proof tending to show that plaintiff had any notice or knowledge that there was any mistake in the order. Under the evidence in this case charges Nos. 2 and 8, requested by plaintiff, should have been given. Charge 3 was properly refused. The suit was not upon the

order. The burden rested upon the plaintiff to prove it was genuine.

The fourth charge omits the predicate if the ''order was made *by the defendants, or their agent.*'' This was a prerequisite to plaintiff's right to recover and was a disputed fact.

The principle of law asserted and intended to be asserted in charges 5, 6 and 7, will be considered together. The general rule is, that a person dealing with an agent does so at his peril, and is bound to know the extent of the agent's authority, but this rule is not construed to relieve a principal from liability for an act of his agent, acting within the scope of his authority, even though the act done be against instructions of which third parties had no notice ; nor can secret instructions affect the right of third parties dealing in good faith with an agent.— 1 Amer. & Eng. Encyc. of Law, p. 350 ; *Piedmont & Arlington Life Ins. Co. v. Young,* 58 Ala 476 ; *Whilden & Sons v. Merchants & Planters' Bank,* 64 Ala. 1, 33 ; *Ala. Gr. So. R. R. Co. v. Hill,* 76 Ala. 303 ; *Montgomery Brewing Co. v. Caffee,* 93 Ala. 132.

We are of opinion the facts of the case and the testimony of the parties call for the application of different principles from those which apply when a party knowingly deals with an agent. The evidence shows that the transaction began by the plaintiffs sending out from New York a printed circular to defendants, which was received by them, containing blank orders for pins, and a space for the insertion of such advertisments as the purchaser might desire to be placed upon the papers of pins purchased. This printed circular began as follows : ''Please put up for us.........great gross papers of pins, 360 pins in a paper, with our advertisement printed at the head of each paper and between the rows,'' &c.. The only blank in the printed order, to be filled by the purchaser was for the *number* of ''great gross papers of pins,'' and such advertisement as was desired by the purchaser. The blank in the present case was filled with the figure ''5.'' It is not denied that plaintiff authorized their clerk to make out an order on one of these printed forms, and that the order was for ''5.'' Their contention is that they instructed their clerk to make the order for ''5 great gross of pins,'' instead of five great gross *papers* of pins. The order was not signed

[Epperson v. Rice.]

Brice & Donehoo, by Bynum, or otherwise, to indicate that it was the act of an agent, but it was signed "Brice & Donehoo." There is no evidence in the record, that plaintiff had any notice that it was dealing with an agent, or knew that defendants had a clerk or agent connected with their business. The only evidence on this point is, that plaintiff mailed to "Brice & Donehoo" a printed form for an order for the pins, and the printed form came back, filled out to their address, from Murphree's Valley, signed "Brice & Donehoo." It is not pretended by defendants that their clerk Bynum did not have authority to sign the firm name in the manner it was signed to the order, neither was there objection to the order on the ground that it was signed "Brice & Donehoo." We think it sound in law and morals, that if the defendants authorized the clerk to sign the name of "Brice & Donehoo" to the order, so that it would purport to have been signed by a member of the firm, and not by an agent, the firm is bound to to the same extent, as if in fact it had been signed by the firm. Under this principle, if the order was signed by the firm, or by an agent of the firm, with authority to sign it, and there was a mistake in the quantity of pins ordered, the plaintiffs not being advised of such mistake, the consequences must fall upon the defendants and not upon the plaintiffs. This is the principle of law, which should govern under this phase of the evidence.

For the errors noted the case must be reversed.

Reversed and remanded.