(78 South. 885)

WEIL v. CENTERFIT. (3 Div. 350.)

(Supreme Court of Alabama. April 18, 1918.)

1. FRAUDS, STATUTE OF ⊂⇒26(6)—PROMISE TO ANSWER FOR DEBT OF ANOTHER—ORIGINAL PROMISE—SERVICES.

An employer's implied promise to pay for medical services rendered his servant is not within statute of frauds, where physician performed services solely upon credit of employer.

2. FRAUDS, STATUTE OF ⊂⇒159 — QUESTION FOR JURY.

Whether physician, suing defendant for medical services rendered a third party, performed such services upon the authorization of defend-

ant and upon the credit of and faith in defendant's implied promise to pay therefor, are questions for the jury.

3. APPEAL AND ERROR ☞1008(1)—REVIEW—COURT'S FINDINGS ON JURY QUESTIONS.

Where questions properly for the jury are decided by the court sitting without a jury, the judgment based on such findings will be given same force and effect as if rendered upon the verdict of a jury, and will not be disturbed on appeal unless plainly erroneous.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by S. E. Centerfit against Adolph Weil. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Act April 18, 1911, p. 449, § 6. Affirmed.

Weil, Stakely & Vardaman, of Montgomery, for appellant. Andrews & Rives, of Montgomery, for appellee.

THOMAS, J. The entire evidence has been examined, and we are of opinion that the trial judge, before whom the cause was tried without a jury, reached the correct conclusion; the evidence being ore tenus. The circumstances, notably the detailed conversations between divers persons and the defendant, occurring immediately after the injury, show an implied promise on the part of the defendant to become responsible for medical services reasonably necessary to be rendered to the injured party in question. Certainly the evidence on this point was sufficient to warrant the jury in drawing the inference of assent or agreement on the part of Mr. Weil to liability for necessary and reasonable medical attention to the injured man.

In Curry v. Shelby, 90 Ala. 277, 7 South. 922, the court said:

"Though the evidence is not conflicting, it is oral, and manifestly inferences are to be drawn therefrom upon consideration of all the facts and circumstances. Every person, who may go for the regular attending physician when needed by his patient, or who, from considerations of friendship or humanity, may request him not to discontinue his attendance, does not render himself responsible for the services of the physician. Whether he does or not, depends upon the attendant circumstances. However well satisfied the court may be as to the proper inferences, if there be any evidence, however weak, from which an adverse inference may be drawn, the case cannot properly be taken from the jury. * * * Both express and implied contracts are founded upon the actual intention and agreement of the parties; the only distinction between them being as to the mode of proof, or evidence by which they are substantiated. * * * There are, no doubt, some cases so free from ambiguity, or opportunity for inference, as that the court itself could legally presume such intention; but in all cases of doubt it is well settled to be a matter proper for the determination of the jury, who would have a right to consider all the relevant circumstances of the case throwing any light upon the question of such intention." Keel v. Larkin, 72 Ala. 493, 502; Clark v. Jones Bros., 87 Ala. 475, 6 South. 362; City Council of Montgomery v. Water Works Co., 77 Ala. 248; Stoudenmire v. Harp-

er Bros., 81 Ala. 242, 1 South. 857; Curry v. Shelby, supra; Park-Robertson Hardware Co. v. Copeland, 11 Ala. App. 447, 450, 451, 66 South. 880.

[1, 2] If the services were rendered by Doctor Centerfit on the sole credit of the defendant, the promise of the latter was original, and without the statute of frauds. Boykin v. Dohlonde, 37 Ala. 577; Clark v. Jones, supra; Webb v. Hawkins Lumber Co., 101 Ala. 630, 14 South. 407; Strouse v. Elting, 110 Ala. 132, 20 South. 123; Shepherd v. Butcher Tool & Hardware Co., 73 South. 498.[1] Whether the defendant authorized the employment of a physician to give the necessary medical attention to his injured servant, and whether such services were extended on the faith and credit of defendant's authorization, were jury questions; and we hold that they were correctly decided by the trial judge sitting without a jury. Montgomery Brew. Co. v. Caffee, 93 Ala. 132, 9 South. 573; Shrimpton v. Brice, 102 Ala. 655, 667, 15 South. 452; Mich. College v. Charlesworth, 54 Mich. 522, 530, 20 N. W. 566; Clark v. Waterman, 7 Vt. 76, 29 Am. Dec. 150; Cheek v. Boyd (Tex.) 134 S. W. 252; Smith v. Riddick, 50 N. C. (5 Jones, Law) 342; Bradley v. Dodge, 45 How. Prac. (N. Y.) 57; Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571, 120 Am. St. Rep. 660, 11 Ann. Cas. 650; Till v. Redus, 79 Miss. 125; Scarman v. Castell, 1 Esp. 270.

[3] This cause was tried before the court without a jury, and to the judgment of the court we must accord the same force and effect as if rendered upon the verdict of a jury. Such a judgment will not be reviewed unless plainly erroneous or manifestly wrong. Minchener v. Robinson, 169 Ala. 472, 53 South. 749; City of Ensley v. Smith, 165 Ala. 387, 51 South. 343; McIntyre Lumber & Export Co. v. Jackson Lumber Co., 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; Kelly v. City of Anniston, 164 Ala. 631, 51 South. 415; Montgomery Lodge, etc., v. Massie, 159 Ala. 437, 49 South. 231; Millner v. State, 150 Ala. 95, 43 South. 194; Woodrow v. Hawving, 105 Ala. 240, 16 South. 720; Winter-Loeb Groc. Co. v. Mutual Warehouse Co., 4 Ala. App. 431, 58 South. 807; Glenn Ref. Co. v. Webster, 5 Ala. App. 441, 59 South. 717; Southern Railway Co. v. Foster, 7 Ala. App. 487, 60 South. 993.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.