## HOGAN v. COLLEY.
### 4 Div. 722.

Supreme Court of Alabama.

Oct. 12, 1933.

Rehearing Denied Nov. 9, 1933.

Huey & Huey, of Enterprise, for appellant.

Beck & Yarbrough, of Enterprise, for appellee.

THOMAS, Justice.

There is no question presented as to the admission or exclusion of evidence. The appellant contends that there was error in refusing the affirmative charges requested.

The material and controverted question of fact was whether the plaintiff physician rendered such services to defendant's daughter-in-law upon the credit of defendant. This was a jury question under the attendant circumstances and the reasonable inferences therefrom. Weil v. Centerfit, 201 Ala. 531, 78 So. 885; Wellman v. Jones, 124 Ala. 580, 27 So. 416; Curry v. Shelby, 90 Ala. 277, 7 So. 922. Nothing is plainer than the proposition that express and implied contracts differ in legal effect and result—not in the nature of the undertaking, but in the mode of proof. Most Worshipful Grand Lodge, etc., v. Callier, 224 Ala. 364, 370, 140 So. 557, and authorities. The test is whether the promise to pay was made, or to be reasonably implied, as original or collateral. This is within the province of the jury to infer and decide—whether the credit was in fact given on his promise to pay. Boykin & McRae v. Dohlonde & Co., 37 Ala. 577; Day v. Adcock, 11 Ala. App. 471, 66 So. 911, and authorities; 27 C. J. pp. 144, 145.

506

The basis of appellant's contention is that, since a husband is liable for medical services rendered his wife, the appellant father-in-law would not be solely responsible for the debt, and thus not liable since the promise made was not in writing. However, the position of the appellee is that an original promise arose out of the circumstances, which original undertaking is not within the statute of frauds. As stated, the intention of the parties as shown by the circumstances of the particular case is the true test of whether the promise is original or collateral; and there could arise at any stage of the circumstances an original undertaking which would release the original liability, if such existed.

In the case of Smith Bros. & Co. v. Miller, 152 Ala. 485, 44 So. 399, it was held that, where goods were sold to third persons on their credit, yet if such third person was thereafter released from liability on account thereof on the promise of another to pay therefor, a new debt was created, against the promisor, and it was not within the statute of frauds. In the case at bar, it was a question for the jury as to whom the credit was extended for the medical services, and this issue was found in favor of the appellee.

We have examined the record; there are adverse and reasonable inferences that may be drawn by the jury on the question as to whom the credit was given, and whether or not there was a promise to pay by the defendant. There was no error in declining affirmative instructions requested by the defendant. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.