16 So.2d 785

**LANDERS et al. v. RAMEY.**

**6 Div. 222.**

Supreme Court of Alabama.

Feb. 24, 1944.

284

P. A. Nash, of Oneonta, for appellants.

Roy D. McCord, of Gadsden, for appellee.

STAKELY, Justice.

This is a suit brought by E. G. Ramey (appellee) against N. W. Landers and Bessie Landers (appellants). The complaint consisted of one count, claiming $226.67 with interest, for merchandise, goods and chattels sold by the plaintiff to the defendants. To this complaint, the defendants pleaded in short by consent, the general issue and the statute of frauds. Trial of the case resulted in a verdict by the jury and judgment for the plaintiff, from which this appeal has been taken.

Tendencies of the evidence showed the following: R. S. Byrum made a contract with N. W. Landers to construct a residence on the lot owned by N. W. Landers and Bessie Landers at a price of $1405, the contractor to furnish all labor and materials and also to construct a garage upon the same basis for $90. The contractor began the job and made arrangements with E. G. Ramey (appellee), who lived in an adjoining county, to purchase from him certain lumber and materials upon a basis of cash on delivery of each load. Two loads were delivered at a price respectively of $99.72 and $124.08, on which $60 was paid. Thereafter N. W. Landers and Bessie Landers went to see E. G. Ramey, whose place was about thirty miles distant, and stated in substance that they had given the contractor the money to pay for the material which had been delivered, although the contractor had not paid appellee. Appellee thereupon told the appellants that he would send his truck and pick up the lumber. Appellants then told appellee that they did not want him to do this, that they wanted their house built and appellants thereupon agreed to pay appellee for the deliveries already made and for all future deliveries on a basis of cash in thirty days from date of each delivery. The lumber and materials were all delivered on the place and used in the erection of the house. Appellants paid appellee a total of $700, which together with the $60 paid by the contractor, left a balance of $266.67, for which the suit was brought.

The evidence of appellants tended to show that they did not buy any lumber or materials from appellee, never agreed to pay him for it, except that payments to appellee were on their contract with the contractor, as authorized by him, and that the last $400 paid to appellee represented the balance due by them on their contract with the contractor.

The court charged the jury in substance that the statute of frauds was inapplicable; that the defendants did not contend that they would pay the plaintiff, if the contractor did not, but contended that they did not buy from the plaintiff at all; that the plaintiff contended that he sold to the defendants. The court further said:

"Then there must be in a contract the meeting of the minds; there must be an offer on one side to perform the contract and an acceptance on the other, and the minds meeting, and that forms a contract. There must be a consideration, something of benefit or moving as a legal consideration. And as stated, if you are reasonably satisfied from the evidence, even after the contract with the witness Byrum, that there was a new meeting of the minds between this Plaintiff and the Defendants, then there would be a new contract and a consideration for that contract. And after considering all of the testimony, if you are reasonably satisfied that this contract was entered into between these parties, and this material was sold to and furnished by the Plaintiff at the request and instance of these Defendants, why then of course, the Plaintiff would be entitled to recover for that stuff so sold, and the form of your verdict would be, We, the Jury, find the issues in favor of the Plaintiff for so much. It is not a question of a damage suit, gentlemen, it is a question of contract. His complaint charges how much he claims he sold them, and of course it wouldn't exceed the amount asked for in the complaint.

"And on the other hand, if after considering all of the testimony you are reasonably satisfied that he has not met the burden of proof, and you are reasonably satisfied that he did not sell to the Defendants and the Defendants did not buy from him this particular lumber or material, whatever it may be, plumbing, or what not, and you heard the testimony, why then, of course, there would be no contract, if you are reasonably satisfied that is the condition, then of course, your verdict in the event would be in favor of the Defendants. * * *."

■■ The charge of the trial court was correct. There was no effort in the case to hold the defendants responsible on a collateral undertaking. The plaintiff based his case solely on evidence which tended to show an original promise. If the jury was reasonably satisfied that there was such original promise, the plaintiff was entitled to recover. If on the other hand, the jury did not so find, then there could be no recovery. If after the conference between appellants and appellee, further deliveries of the lumber and materials were made solely on the credit of appellants, their promise to pay would constitute an original undertaking for which appellants would be liable.

Under the evidence this was a question for the jury. Hogan v. Colley, 227 Ala. 505, 150 So. 501; Weil v. Centerfit, 201 Ala. 531, 78 So. 885; Shepherd v. Butcher Tool & Hardware Co., 198 Ala. 275, 73 So. 498; Boykin & McRae v. Dohlonde & Co., 37 Ala. 577; Fuller v. Gray, 124 Ala. 388, 27 So. 458.

In a case quite similar in principle to the case at bar, the Supreme Court of Alabama, speaking through Mr. Justice Sayre, said:

"* * * his case was that he was employed by a sub-contractor, that he was about to abandon the work because he was not being paid according to his agreement, when defendant, for whom the work was being done, promised to pay for the part already done and as well that remaining to be done if plaintiff would carry on the work to a finish, and that, in consideration of this agreement, he completed the work. On this showing, if accepted by the jury, as it well may have been, plaintiff was entitled to recover. Defendant suggests the statute of frauds; but we think it inapplicable, because the promise to pay by defendant was upon a new and valuable consideration, beneficial to the promisor, the defendant. Mason v. Hall, 30 Ala. 599; Locke v. Humphries, 60 Ala. [117], 120; Thornton v. Williams, 71 Ala. 555; Moore v. First National Bank, 139 Ala. 595, 36 So. 777." Newell Contracting Co. v. Glenn, 214 Ala. 282, 284, 107 So. 801, 803.

Appellants insist that various documents and book entries show that the appellee was looking to the contractor for payment of the lumber and materials. Appellee insists to the contrary. But be that as it may, all of this was for jury consideration.

"The fact that [the] plaintiff charged his materials on his books to 'E. J. Raub & Co. for Lackland Job,' accepted from Raub a payment to be credited on the account in suit, and went into the arrangement with others who were creditors of Raub and looking to their liens for compensation— and as well the terms of plaintiff's bid on the materials, addressed to Raub after the conclusion of the agreement between plaintiff and defendant—these circumstances, singly or in the aggregate, were not conclusive, but were for jury consideration." Lackland v. Turner, 207 Ala. 73, 75, 91 So. 877, 879.

See also Day v. Adcock, 11 Ala.App. 471, 475, 66 So. 911; 49 Am.Jur. p. 477.

286

■ After counsel for the defendants began their cross-examination of the plaintiff, the court, over the objection of defendants' counsel, allowed the plaintiff to be examined further on direct examination, after which plaintiff was further cross-examined. This was a matter of discretion with the trial court. Drum & Ezekiel v. Harrison, 83 Ala. 384, 3 So. 715.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.