# Little v. Smith.

*Attachment Upon Account for Rent and Advances.*

1. *Finding of court upon the facts.*—The judgment of the lower court, trying without a jury, when the evidence is oral and in direct conflict, will not be disturbed unless it is plainly erroneous. (*Woodrow v. Hawving,* 105 Ala. 240, re-affirmed.)
2. *Irrelevant evidence, when harmless.*—It is unnecessary to pass upon the rulings of the trial court in receiving evidence so irrelevant and immaterial that the court could not have been influenced by it.

[Little v. Smith.]

APPEAL from Cleburne County Court.

Tried before Hon. T. J. BURTON.

The appellant, as landlord, sued by attachment upon an alleged account for rent and advances due from the appellee, as tenant. Without giving the facts in detail it is sufficient to say that the plaintiff's evidence tended to show that he had an account against the defendant for rent and advances contracted during the tenancy from the year 1891 to 1897 inclusive; that on December the 16th, 1897, he had a settlement with the defendant on the rented premises, in the presence of one Brock and defendant's two sons, on which settlement it was ascertained and agreed that the defendant was indebted to the plaintiff in the sum of $207.09, which the defendant proposed to pay in corn, but they failed to agree on the price.

The evidence on behalf of the defendant tended to show that no such settlement was had; that they failed to agree on any amount due from the defendant to the plaintiff. There was a conflict in the evidence as to the amount of supplies furnished, and when. There was also some evidence that the defendant had done considerable work on plaintiff's farm, but how much was not shown. The cause was tried by the court without a jury, and judgment was rendered in favor of the defendant. The plaintiff appeals and assigns as error certain rulings of the court in admitting evidence and the rendition of judgment in favor of defendant.

MERRILL & BRIDGES, for appellant.

(No counsel for appellee.)

McCLELLAN, J.—This is an appeal from a judgment rendered by the judge of the county court under special statutory provisions sitting without a jury. The complaint contains two counts, one on an open account and the other on an account stated. It cannot be maintained with any force and is not attempted to be that the evidence furnishes sufficient data for judgment for plaintiff, Little, on an open account.

As to whether there was ever a stated account between the parties the evidence is oral and in direct conflict. Under these circumstances, and in recognition of

the principles declared in *Woodrow v. Hawving*, 105 Ala. 240, and many times reaffirmed, we must concur in the conclusion of the trial judge that no stated account was proved.

It is unnecessary to pass upon the court's rulings on the admissibility of testimony. They relate to evidence received against plaintiff's objection. If the testimony objected to was inadmissible it was solely on the grounds of irrelevancy and immateriality, and it was in fact so irrelevant and immaterial that the court could not have been influenced by it.

Affirmed.