# Chancellor *v.* Law & Edmonds.

## Trial Right of Property.

(Decided May 30th, 1906. 41 So. Rep. 514.)

*Landlord and Tenant; Landlord's Lien; Estoppel to Claim.*—The tendencies of the evidence were that Chancellor, as landlord, said to L. & E. that the tenant D. was to have the land rent free for the year in question, and that he held no claim to the crop grown on the land, and upon such representation L. & E. made advances to the tenant D. to enable him to make the crop, taking a mortgage on same as security therefor; Held, the landlord, if he made such representation, estopped himself from asserting his lien as against L. & E. for advances made the tenant.

APPEAL from Geneva Circuit Court.

Heard before HON. H. A. PEARCE.

This is an action of attachment begun by Law & Edmonds, as individuals and partners, against Tom Daniel, which was executed by levying the same upon a lot

of seed cotton, a lot of cotton seed, fodder, corn, oats, and three head of hogs. Appellant filed his claim to said property as landlord of Daniel. The other facts sufficiently appear in the opinion. The court gave the following written charge at the plaintiff's request: "If the jury believe from the evidence in this case that Abe Chancellor went to Law & Edmonds, and represented to them that Daniel was to have his land rent free for the year 1902, and that he (Chancellor) had no claim to said crop, and by that means procured Law & Edmonds to make advances for the year 1902 to Daniel, taking a mortgage on Daniel to secure said advances, then you must find for the plaintiff."

W. O. MULKEY, for appellant.—The court should not have given the charge requested by the plaintiff. The jury might have believed everything set forth in the charge, and yet, there was other evidence, which authorized them to find for the claimant.—*Aaron v. The State*, 39 Ala. 688; *Ogletree v. The State*, 28 Ala. 693. The charge did not assert a correct legal proposition as some essential element to estoppel are pretermitted therein.—*Knowles v. The State*, 87 Ala. 357; *Weaver v. Bell*, 87 Ala. 385.

No counsel marked for appellee.

DOWDELL, J.—This is a statutory claim suit for trial of right of property. Issue was regularly made up under the direction of the court. There is only one insistence of error, and that was the giving of the written charge requested by the plaintiffs.

There was evidence tending to show that the claimant, Chancellor, went to the plaintiffs, Law & Edmonds, and represented to them that one Daniel, who was Chancellor's tenant, was to have the land on which the cotton in question was raised free of rent for the year, and that he (Chancellor) had no claim to said crop, and by that means he procured the plaintiffs, Law & Edmonds, to make advances to Daniel for the current year, and Law & Edmonds, to secure the advances so made by them to the said Daniel, took a mortgage from him on

[Baker v. Drake.]

the property in question. If this evidence was true, then Chancellor would be estopped from setting up any claim as landlord to the crops. grown on the land by Daniel for rent or advances. The charge requested hypothesized the above facts which the evidence tended to prove, and consequently in the giving of the charge the court committed no error. If the charge possessed any misleading tendency by reason of other evidence in the case, it was the right and duty of the claimant to meet and counteract the same by requesting an explanatory charge. It was not denied that Law & Edmonds made the advances to Daniel as testified to by the plaintiffs. It is true that both Chancellor and Daniel testified that Law told Daniel in May that he would not make him any more advances, but this was no denial of the fact that the plaintiffs did continue to make advances. We find no error in the record, and the judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.