# Millner *v*. The State.

*Carrying Concealed Weapons.*

(Decided March 2nd, 1907.   43 So. Rep. 194.)

1. *Criminal Law; Appeal; Review; Question of Fact.*—The conclusion of the trial court, if based on oral evidence will be given the same force and effect as a finding by the jury, although by the act creating the court the Supreme Court is required to review, without favorable presumption, the conclusions of the trial court.

2. *Weapons; Concealed Weapons; Evidence; Sufficiency.*—The evidence in this case stated and examined and held to so far support the conclusion of the trial court finding the defendant guilty, that it cannot be said on appeal that the finding was plainly erroneous.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

Will Millner was convicted of carrying a concealed pistol, and he appeals. Affirmed.

Defendant was indicted for carrying a pistol concealed. The appeal is prosecuted from a judgment of the court trying the defendant without a jury. The witness Davis, testifying for the prosecution, said that late one afternoon he passed the defendant, going in about three feet of him, and saw no weapon about the defendant at that time; that defendant was dressed in a full sack suit; that about 15 minutes after that ime, when he was about 15 feet away from defendant, the defendant pulled a pistol from his pocket and fired it, then put his pistol back in his pocket and dropped his hand, and the witness could not then see the pistol. There was other evidence tending to show that the pistol was concealed, and there was evidence for the defense tending to show that the defendant had not concealed the pistol, but had it in his hand, having picket it up from a counter in Burns' store, and went out across the street, carrying the pistol in his hand. There was also

[Millner v. The State.]

evidence tending to show that the defendant had had a difficulty with one Embry, and that he was informed that Embry was near by looking for him.

M. M. SMITH, for appellant.—Counsel discusses assignments of error but cites no authority.

ALEXANDER M. GARBER, Attorney General, for State. —Under the act amending the act establishing the city court of Talladega as construed in *Woodrow v. Hawving,* 105 Ala. 240, and as followed in the following cases: *Ward v. Shirley,* 131 Ala. 568; *Little v. Smith,* 119 Ala. 461; ;*1st National Bank v. Clafflin,* 118 Ala. 246, the finding of the court stands upon the same footing as the verdict of the jury and will not be disturbed unless plainly erroneous.

McCLELLAN, J.—The appellant was convicted of the offense of carrying a concealed pistol, upon the trial by the judge of the city court without jury. His insistence is that the evidence adduced did not warrant the judgment rendered.

While it is by statute made the duty of this court to review, without favorable presumption, the conclusions and judgments of the lower court upon the evidence, this court has repeatedly declared that such conclusions and judgments, if based upon the evidence delivered ore tenus, must be given the force and effect of a finding by a jury, and, unless plainly erroneous, will not be disturbed; the reason being that upon the record here this court is without the benefit of the presence of the witneesses and the opportunity to weigh their testimony in connection with the manner and course of delivery thereof by them.—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Ward v. Shirley,* 131 Ala. 568, 32 South. 489; *Little v. Smith,* 119 Ala. 461, 24 South. 427; *First Nat. Bank v. Chaffin,* 118 Ala. 246, 24 South. 80. In the case at bar we cannot say that the conclusions of the judge from the evidence adduced ore tenus before him is plainly erroneous; hence the judgment must be affirmed.

Affirmed.

[Savell v. The State.]

HARALSON, DOWDELL, ANDERSON, and DENSON, JJ., concur.