# Montgomery Lodge No. 596, B. P. O. E. v. Massie.

*Money Had and Received.*

(Decided April 15, 1909. 49 South. 231.)

1. *Appeal and Error; Review; Case Tried Without Jury; Conclusions of the Court.*—Where a case is tried by the court without a jury and the facts are not agreed upon and no special finding of the facts is made or requested, the conclusions of the court on the facts cannot be reviewed by this court on appeal except for the purpose of determining whether or not the judgment rendered is supported by the evidence.

[Montgomery Lodge No. 596, B. P. O. E. v. Massie.]

2. *Vendor and Purchaser; Money Paid Under Contract; Right to Recover.*—Where a written proposition for the sale of lands provides that the property may be withdrawn unless the bid for the land is received by a certain date, the contract is withdrawn by its very terms where the money is not paid by the purchaser or the bid not made thereunder to the vendor or its agent until after the date specified; the contract is therefore void and not binding on the vendor, and could not be enforced against the vendor, thus rendering it not binding on the purchaser; and in the event money has been paid on it, the purchaser is entitled to recover the money.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Bessie K. Massie against Montgomery Lodge No. 596, Benevolent Protective Order of Elks, to recover $500 paid on a real estate transaction not consummated. From a judgment for plaintiff, defendant appeals. Affirmed.

Plaintiff's contention is that under an agreemeent or option she paid the defendants by certified check, which was collected by them, the sum of $500, and that the agreement was never consummated or conveyance made, as the defendant failed to furnish an abstract of title. The agreement referred to is as follows: "For and in consideration of the sum of $500 to us in hand paid by Bessie K. Massie, the receipt whereof we do hereby acknowledge, we agree to sell to her our lot or parcel of land situated in the city and county of Montgomery, state of Alabama, on N. W. corner of N. Court street and Bibb street, said property being more fully described as follows: (Here follows the complete description.) Providing the said Bessie K. Massie pays to us the sum of $17,700 within ten days from the receipt by her of an abstract of title to this property, which we hereby agree to furnish. If the title to said property is not satisfactory to the said Bessie K. Massie, then the aforesaid $500 is to be returned to her. The said Bessie K. Massie shall have the right to assume a mortgage in the sum of $11,000, now recorded against the said property, if she

so desires." This agreement was signed by W. J. Tuttle and W. J. Osborne. The contention of the appellant is that the contract is stated in certain letters, which are as follows: "To Messrs. Dowdell & Joseph, City— Gentlemen: Subject to rejection or confirmation by the members of Montgomery Lodge No. 596, B. P. O. E., the governing board desires to submit the following proposition: The governing board will receive and recommend to the favorable consideration of the lodge a bid of $18,-200 net for the 100 feet of Elks' property (here follows the description of the property). If agreeable to the purchaser, instead of $18,200 cash, he may offer to pay $7,200 in cash and assume the $11,000 mortgage now on this property, provided the mortgage can be induced to release his lien upon the undisposed part of the Elks' property; otherwise, payment must be $18,200 cash, The purchaser must also pay the state, county, and city taxes for the current year, and accept a transfer of the policy of insurance, and prorate the premiums for the unexpired period. It is distinctly understood that the fixtures of every kind now in the building west of the stable are hereby reserved to the Elks. To receive consideration the bid must embody the foregoing terms, and must be accompanied by an unconditional certified check of $500, which check is to be forfeited to the lodge of Elks in case the purchaser fails to comply with the terms of the bid. The purchaser must redate the abstract at his expense" and signed, "W. J. Tuttle, Exalted Ruler." The answer to the above is as follows, addressed to the lodge: "Referring to your letter of the 7th, offering to sell that portion of the Elks' lodge property for the sum of $18-200 net, this proposition is hereby accepted, and also the conditions therein contained. We have this day deposited a check for $500 in good faith with W. J. Tuttle, exalted Ruler"—and signed, "Dowdell & Joseph."

GOODWYN & McINTYRE, for appellant. Under the facts in this case the court would have been authorized to render a degree against Mrs. Massey, requiring her to take the property and to pay the defendant the purchase money.—22 A. & E. Ency of Law, (1st Ed.) 948; *Duncan v. Ware*, 5 S. & P. 19, *Elec. L. Co. v. Elder Bros.*, 115 Ala. 153; *Schleicher v. Montgomery L. Co.*, 114 Ala. 228.

WATTS & LETCHER, for appellee. No demurrer was interposed to the complaint, and if it states a substantial cause of action, no inquiry can be now made as to its sufficiency.—Sec. 3333, Code 1896; *Kyle v. Carabello*, 103 Ala. 150; *Marion v. Baganstein*, 98 Ala. 475. The proof authorizes a recovery on the common count.— *King v. Martin*, 67 Ala. 177; *Rushton v. Davis, et al.*, 127 Ala. 288. The contract provided that the title should be satisfactory to Bessie K. Massey, or she should be entitled to the return of the $500.00.—9 Cyc. 618-621; *Avery v. Lipscomb*, 76 Va. 404; *Church v. Shanklin*, 95 Cal. 626.

MAYFIELD, J.—This was an action by appellee against appellant to recover $500. The complaint contained the common counts, and six additional special counts were added by amendment, to each of which the defendant pleaded the general issue. The case was tried by the judge of the city court of Montgomery without a jury, and resulted in a judgment for the plaintiff for $500 and interest thereon. The only error assigned on the appeal is the action of the city court in rendering judgment for the plaintiff below.

Findings and conclusions of courts in cases tried by the judges without a jury, as this was, and when the facts are not agreed upon, and there are no special find-

ings, nor requests for such findings, the conclusions of the judge stand as the verdict of the jury, and cannot be reviewed by the appellate court, except to determine whether or not the judgment rendered can be supported by the evidence. After a thorough and careful examination of all of the evidence in the case, as shown by the bill of exceptions, we are certain beyond doubt that there was sufficient evidence to support the judgment rendered, and it does not appear that there was any error of which the defendant can complain.

Counsel for appellant base their contention for a reversal upon the ground that the contract of sale of a certain lot in question by the defendant was based exclusively upon a letter written by the agents of the defendant to Messrs. Dowdell & Joseph, which letter embraced a proposition to sell the property, and that Dowdell & Joseph unqualifiedly accepted the proposition contained in the letter, and that the $500 of plaintiff's money was paid by Dowdell & Joseph to the defendant through her certified check, made payable to them and indorsed by them. It is contended by appellant that this letter of May 7, 1906, to Dowdell & Joseph, contained the only proposition made or offered to be made by the appellant to sell the property; that the proposition was accepted by Dowdell & Joseph, and that the money was paid under it by Dowdell & Joseph to the agents of the defendant in compliance with the terms of the letter of May 7, 1906; and that the plaintiff must therefore have her rights to the $500 measured by the rights acquired by Dowdell & Joseph under the letter of May 7, 1906. A sufficient answer to this argument is that this is not the contract upon which her claim is based. It is not the contract set forth in her complaint; but, on the other hand, the contract relied upon in the special counts was an option to purchase the land, which option contained

a stipulation that, "If the title to said property is not satisfactory to the said Bessie K. Massie, then the aforesaid five hundred dollars is to be returned to her." There was evidence in support of these special counts 3, 4, 5, 6, 7, and 8. There were no demurrers to any of these counts, testing their sufficiency.

It is not necessary for us to decide whether or not the weight of the evidence tended to prove these counts. It is sufficient, to affirm the judgment of the lower court that there was evidence to support any one of them. According to the undisputed evidence in the case, the defendant had in its possession $500 of plaintiff's money, and the plaintiff is entitled to recover this money, or she is entitled to a conveyance of the land by the defendant upon a payment of the balance of the purchase price. If the money had been paid under the proposition contained in the letter of defendant's agents to Dowdell & Joseph of May 7, 1906, as is contended by appellant, it is not certain that the plaintiff would not be entitled to recover the money, for the reason that it was a contract for the sale of land, and that it was absolutely void, and that, if the plaintiff paid a part of the purchase price under such void contract, she could recover back the same. This letter, which appellant contends to be the basis of the transaction and to constitute the contract of purchase and sale under which the $500 was paid, concludes with the following words: "Unless the bid herein referred to is received by May 8, 1906, this proposition is withdrawn. 'Signed W. J. Tuttle, Exalted Ruler."

The undisputed evidence shows that the check of the plaintiff for $500 was not delivered by her attorney, Mr. Watts, to Dowdell & Joseph until the 10th day of May, two days after that proposition was withdrawn under the very terms of the contract or letter itself.

Consequently, if the money was paid under this contract, it could not have been enforced by Dowdell & Joseph against the defendant, because it was not binding against the defendant, nor even against W. J. Tuttle. But we hold that the great weight, if not all, of the evidence in the case, shows that $500 was paid by plaintiff to her agent, or by Dowdell & Joseph, under the option described in the complaint, which was signed by W. J. Tuttle and W. J. Osborne. This not only appears from the evidence of all the witnesses who had any knowledge of the facts as to the payment by plaintiff, but it also clearly appears, for the reason that the proposition contained in the letter of May 7, 1906, was not accepted and was withdrawn by the very terms of the letter two days before the check was delivered.

We cannot agree with counsel for appellant in the contention that the undisputed evidence shows that Dowdell & Joseph were acting as exclusive agents for the plaintiff, and not for the defendant. We think the truth of the matter, as it appears from the evidence, is that Dowdell & Joseph were real estate agents attempting to effect a sale between the plaintiff and the defendant, and were attempting to bring the parties together upon a contract, and that they were no more the agents of one party than they were of the other; but this is immaterial and unnecessary to the correct decision of this cause. No matter whose agents they were, or whether they be the agents of any one, it clearly appears that the defendant corporation had received $500 of the plaintiff's money and that the plaintiff had a right to recover same under any phase of the evidence.

We cannot say, under the evidence in this case, that her dissatisfaction with the title was wholly whimsical or frivolous, and under the option set out in the complaint, if the title was not satisfactory to her, she had a

right to recover the money; and if it was paid under the other, and not under the option set out in the complaint, the contract under which she paid it was void, so that she could not enforce it against the defendant, and it was, therefore, not binding upon her, and in that event she would be entitled to recover the money paid under such void contract. Therefore, the judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.