# Kelly *v.* City of Anniston.

*Violating Municipal Ordinance.*

(Decided Jan. 13, 1910.—51 South. 415.)

1. *Intoxicating Liquors; Evidence.*—Where one is prosecuted for selling whisky in violation of a city ordinance and where it appeared that both seller and buyer shortly after the alleged sale were arrested and taken at once to police headquarters, it was competent to show that when the buyer was searched, whisky was found upon his person, and that two bottles of whisky, both full and alike were found upon the person of the defendant.

2. *Same.*—In a prosecution for selling whisky the fact as to where the buyer said he was going when he left the house was immaterial as it appeared that the conversation was had two or three hours before the alleged sale, and was in no sense a part of said transaction.

3. *Appeal and Error; Finding of Court; Conclusiveness.*—Where the evidence is ample to support a conviction its credibility was for the trial court and this court will not disturb its finding on appeal.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

W. O. Kelly was convicted of selling whisky in violation of an ordinance of the city of Anniston and he appeals. Affirmed.

TATE & WALKER, for appellant. Counsel insist that it was error to permit to be shown that when the defendant and the person to whom he is alleged to have sold the liquor were arrested and carried to the police station that they were searched and whisky found on them, but cite no authority in support of their contention. They insist that it was competent to show where the alleged buyer said he was going previous to the alleged sale and cite *L. & N. R. R. Co. v. Pearson,* 97 Ala. 215; 16 Cyc. 1246; *Gandy v. Humphries,* 35 Ala. 617; *Richardson v Stringfellow,* 100 Ala. 416; *Sharp v. Hall,* 86 Ala. 115, in support thereof.

[Kelly v. City of Anniston.]

A. P. AGEE, for appellee.  No brief came to the Reporter.

SAYRE, J.—Appellant was convicted of selling whisky contrary to the ordinance of the city of Anniston.  Witnesses for the prosecution testified that, while they were looking through cracks in a fence into an alley in the rear of a pool room in the city of Anniston, they saw defendant and one Elder emerge from the pool room and stand together in conversation.  Their testimony went to show that during the time defendant passed a bottle to Elder, Elder handed a dollar to defendant, and defendant returned a 25-cent piece to Elder.  This occurred after night, so that the witnesses' observation of the transaction was more or less obscured.  Continuing, the witnesses deposed that, immediately upon the return of defendant and Elder into the pool room, witnesses, who were officers, went into the pool room and arrested them.  Defendant and Elder were carried straightway to police headquarters, where they were searched in the presence of the prosecuting witnesses. Over the objection and exception of defendant, interposed to the statement of each fact as it was stated, these witnesses were permitted by the court to testify that when Elder was searched whisky was found on him; that two bottles of whisky, both full and alike, were found upon the person of the defendant; that the two bottles contained whisky.  We think that nothing more than the statement of the facts which we have made is needful to demonstrate the relevancy and materiality of the testimony, and the propriety of the several rulings made by the trial court.

There was no error in that other ruling of the court, to which exception was reserved, by which defendant was denied the right to have an answer to his question

[Williams v. City of Talladega.]

to the witness McClellan: "Did Elder tell you where he was going when he left the house?" That was two or three hours before the transaction deposed to by the witnesses for the prosecution, and was in no sense a part of the transaction. What Elder said could have been indicative of his purpose only. He, in common with the defendant and all the other witnesses, testified that he was present at the time and place in question. We are unable to discern how Elder's statement, made two or three hours previously, that he was going elsewhere, as we will assume, could shed light upon the inquiry whether Kelly had sold him whisky.

As for the other contention, that the great weight of the evidence favored the innocence of the defendant, it must be said that there was ample evidence upon which to found the judgment of guilt, its credibility was for the trial court, and we cannot interfere with the result.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.