# Minchener, *et al. v.* Robinson.

## *Detinue.*

(Decided Nov. 17, 1910. Rehearing denied Dec. 22, 1910. 53 South. 749.)

1. *Appeal and Error; Findings; Conclusion.*—Where the finding is supported by the evidence, it is conclusive on appeal although the evidence is in conflict.

2. *Evidence; Admissions.*—The evidence of payment stated and examined and held to have been properly received as in the nature of an admission by the defendant tending to corroborate plaintiff's testimony and theory of the case.

3. *Judgment; Supersedeas Bond; Against Sureties.*—Where an appeal is taken from the justice of the peace court to the circuit court by the execution of a supersedeas bond with sureties and the judgment is affirmed in the circuit court, the plaintiff recovering in each instance, it is proper to render a judgment that the plaintiff recover the property sued for or its alternate value of the defendants and their sureties on the supersedeas bond. (Sec. 4725, Code 1907.)

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Detinue by J. T. Robinson against J. R. Minchener

[Minchener, et al. v. Robinson.]

and others. Judgment for plaintiff and defendants appeal. Affirmed.

BALL & SANFORD, for appellant. The court erred in its ruling on the admission of the testimony because the same was illegal, irrelevant and immaterial to the issues involved in the case. This is an action of detinue, the only question being the question of title and the right to possession and the fact or not as to whether the one party is indebted to the other cannot have any bearing on the case. The plaintiff to recover in detinue must at the commencement of the suit have a general or specific interest in the property and the right to possession.—*Banks v. Barnes*, 82 Ala. 607; *Huddleston v. Huey*, 73 Ala. 215. In this case it is not contended that the plaintiff, appellee here, was ever actually in possession of the property, therefore, if he can recover at all, it must be on the strength of his legal title, because an equitable title will not support the action of detinue, and however much the equities may appeal to the court, they cannot be enforced in this manner.—*Reese v. Harris*, 27 Ala. 301; *Gluck v. Cox*, 75 Ala. 310; *Jones v. Anderson*, 76 Ala. 427; *Lucus v. Pittman*, 94 Ala. 616. Even if the court should conclude that this was a joint purchase by the Minchener Hardwood Co., and J. T. Robinson, they would then become tenants in common of the property and as such cannot maintain an action of detinue against each other since neither is entitled to exclusive possession; but if one converted the entire property by destroying it or disposing of it, the other may maintain trover for his interest.—*Smith & Co. v. Rice*, 56 Ala. 417; *Wilkerson v. Kettler*, 69 Ala. 442; *Graham v. Myers*, 74 Ala. 434. The judgment in detinue should be rendered against the defendants alone for the specific property or its alternate value and if

rendered otherwise is error.—*Clem v. Wise*, 133 Ala. 409. It is not proper to render judgment against the sureties in a detinue case.—*Rand v. Gibson*, 109 Ala. 270.

HILL, HILL & WHITING, for appellee. Judgment was properly rendered against the sureties on the appeal bond.—Section 4725, Code 1907, and cases there cited. Although the evidence was conflicting there was sufficient evidence to support the finding and this court will not review the same on appeal.

SAYRE, J.—This was an action of detinue for the recovery of an electric motor; the case having originated before a justice of the peace. On appeal to the circuit court, the trial was had without a jury. Appellee was plaintiff in that court. Plaintiff and defendants had in some vaguely defined way been associated together in operating a small hardwood factory. The business was known as the "Minchener Hardwood Factory," belonged to Mrs. Minchener, and was managed by Minchener. The motor in controversy was purchased from one Browder. There is hardly anything in the case, except an issue of fact as to whether the purchase was made by Robinson on his individual account, or by Robinson and the Mincheners on their joint account. As the evidence is stated in the bill of exceptions, there seems to be a slight preponderance in favor of appellee's individual ownership. The trial court had advantages in the consideration of the testimony of the witnesses which we cannot have, and in this state of the case we cannot disturb the finding.

Outside of the argument upon the general conclusion already stated, we find in the brief for appellants only two suggestions of error. These will be considered.

1.   When plaintiff bought the motor, he agreed to pay $150 for it as soon as it was tested and found capable of developing 20 horse power.   About a month later, a payment of $75 was made by plaintiff; the money being gotten from Minchener.   Still later Minchener paid the balance of $75.   On the trial before the justice of the peace, an itemized statement of the account between the parties had been produced, in which $75 was charged to plaintiff at the date of the first payment.   The statement also showed a balance of $75 in favor of plaintiff. Minchenor had kept the account, and the statement produced was in his handwriting.   Plaintiff accounted for this method of payment by his testimony that the Mincheners were indebted to him, and agreed to furnish the money in payment and discharge of the indebtedness. The statement of account was received in the circuit court, not for the purpose of determining plaintiff's right to recover on any equitable considerations which might arise out of a settlement of the account between the parties as partners, but as in the nature of an admission by defendant tending to corroborate plaintiff's testimony and theory of the case.   It was admitted without error.

2.   On the appeal from the justice of the peace to the circuit court, defendant executed a supersedeas bond, with sureties.   In the circuit court, judgment was rendered that plaintiff recover the property sued for or its alternate value of defendants and their sureties.   It is now said that the judgment against the sureties was erroneous.—*Rand v. Gibson,* 109 Ala. 279, 19 South. 533, and *Clem v. Wise,* 133 Ala. 409, 31 South. 986, are cited.   Both of these were statutory actions of detinue. The bonds were given to secure possession pending the suit, and were conditioned upon the failure to deliver the property to the successful party within 30 days after judgment.   The procedure in such cases is provided

for in section 3783 of the Code of 1907. The sureties against whom judgment in this case was rendered in the circuit court were parties to a bond of supersedeas on the appeal, and judgment was properly rendered in accordance with section 4725.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.