# Carson *v.* The State.

### *Final Forfeiture of Bail.*

#### (Decided June 13, 1912.   59 South. 719.)

1. *Bail; Finding of Facts.*—Where the hearing is under section 6359, Code 1907, to determine whether forfeiture of bail shall be made final and absolute or shall be set aside, the finding of the court sitting as a jury as to the facts will not be reviewed on appeal.

2. *Same; Evidence; Sufficiency.*—Where defendant testified, which was the only testimony on the subject that he was sick outside the state, and unable to be present at the time set for his trial, and the physician testified under date of May 4th that defendant was sick and unable to attend court, the court was not required to set aside a forfeiture entered May 1st, especially where it appeared that defendant left the state shortly before the time set for his trial.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Will Carson was indicted for violating the prohibition law and, failing to appear, his bond was declared forfeited. From a judgment rendered, on a day set for the hearing, forfeiture was declared final and absolute and defendant appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MAR-
TIN, Assistant Attorney General, for the State. The
finding of the court on the facts is the equivalent of the
verdict of the jury, and not subject to review on appeal.
—*Mayhall v. The State,* 146 Ala. 124; *Boyd v. The
State,* 88 Ala. 169.

PELHAM, J.—This appeal is from a judgment of the
city court of Anniston making absolute a forfeiture on
an undertaking of bail in a criminal case.

Under the statute (Code, § 6359), whenever there
has been a conditional judgment rendered against the
parties to the undertaking, and the defendants appear, it
is for the court to determine if the excuse is or is not a
sufficient showing upon which the conditional judgment
should be set aside. The court, then, in determining
this fact, sits as a jury, and its findings on the weight
and credibility of the evidence when it is in conflict will
not be reviewed here, under the well recognized and es-
tablished rule, and for the sound reasons that have
been often repeated in the decisions stating the rule.—
*Millner v. State,* 150 Ala. 95, 43 South. 194; *Montgom-
ery Lodge v. Massey,* 159 Ala. 437, 49 South. 231; *Min-
chener v. Robinson,* 169 Ala. 472, 53 South. 749;
*Kelly v. City of Anniston,* 164 Ala. 631, 51 South. 415;
*McIntyre L. & E. Co. v. Jackson Lumber Co.,* 165 Ala.
268, 51 South. 676, 138 Am. St. Rep. 66. The proceed-
ings on the forfeiture taken on the defendant's bond fol-
low the statutes and are regular.—Code, §§ 6355, 6356,
6359.

On the hearing to determine whether the judgment
nisi should be made final, the defendant offered a cer-
tificate, dated at New Orleans on May 4, 1911, signed
by a physician, sworn to before a notary public, and
stating that the defendant "is sick and unable to attend

court." The original case in which the conditional judgment was taken was set for May 1, 1911, and the forfeiture taken on that day, and the court properly refused to consider the certificate as a sufficient showing upon which to set aside the conditional judgment. Non constat the defendant may have been entirely well on the day the forfeiture was taken, and able to attend court at that time. The defendant testified that, although he lived in Anniston, he left there about two weeks before the case was set for trial and went to New Orleans with his wife on a social visit; that he was taken sick in New Orleans, and was sick at the time the rule nisi was entered. The defendant having left the jurisdiction of the court under the circumstances testified to by him at so short a period of time before the case was set for trial, and producing no positive evidence of such illness as would have prevented his attendance to answer the obligation in the undertaking, except his own testimony, which was weighed by the court in connection with all the attendant circumstances of the presence of the witness, it was for the court to pass upon the sufficiency of the excuse, and the determination reached will not be disturbed here. See the two cases at the present term in this court against the same defendant, in which the evidence, which is the same as in this case is discussed.—*Carson v. State, Infra,* 59 South. 718, (two cases). See, also, *State v. Crosby,* 114 Ala. 11, 22 South. 110; *Ringeman v. State,* 136 Ala. 131, 34 South. 351.

Let the judgment of the court below be affirmed.

Affirmed.