[Glenn Refining Co. v. Webster.]

# Glenn Refining Co. *v.* Webster.

### *Assumpsit.*

(Decided June 13, 1912. 59 South. 717.)

1. *Appeal and Error; Presentation of Ground; Review.*—Where the record does not show a formal judgment overruling demurrer, but merely a recital in the judgment entry that it was ordered that they be overruled any alleged error in overruling demurrer is not subject to review on appeal.

2. *Same; Exceptions; Necessity.*—Where the bill of exceptions fails to show exceptions reserved to rulings on the evidence, alleged error in such rulings cannot be reviewed.

3. *Same; Finding of Court; Review.*—Where a case is tried by the court without the intervention of the jury, the judgment and conclusion of the court on the facts is given the same force and effect as the finding of the jury, and will not be disturbed on appeal unless plainly erroneous and manifestly wrong.

APPEAL from Etowah Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Assumpsit by the Glenn Refining Company against P. C. Webster. Judgment for defendant and plaintiff appeals. Affirmed.

JAMES KAY, for appellant. Under the evidence in this case defendant is bound by the contents of the paper and cannot be heard to say that he did not read it, or know what it contains.—9 Cyc. 391; 35 Cyc. 63. The evidence was not sufficient to show fraud in the sale.— *Wickle v. Johnson Laboratory,* 132 Ala. 269. Nothing was done or said to mislead the defendant or prevent his reading the paper.—*Martin v. Smith,* 116 Ala. 630.

DAVIDSON & EMBRY, for appellee. Counsel discuss the errors assigned and insist that as presented, there is nothing for the court to review, either as to the rulings

on the pleadings, or on the evidence, and that the finding of the court will not be disturbed on appeal.

PELHAM, J.—The appellant brought his suit in the first instance in a justice's court of Etowah county, declaring on a written contract or order, seeking to recover $25 for certain oils and belt dressing, which were refused by the defendant and afterwards burned in the railroad depot. It was defendant's contention that he had not ordered the quantity shipped, and that the written order for the goods was procured by fraud. There was a judgment for defendant in the justice court, an appeal taken by plaintiff to the circuit court, where the cause was tried before the court without a jury, and judgment there rendered in favor of the defendant, from which this appeal is prosecuted.

The first ground of error assigned on the record is that the circuit court erred in overruling the plaintiff's demurrers to the defendant's plea No. 4. No judgment of the court is shown by the record overruling demurrers to the fourth plea, so as to present the question for the consideration of this court. The recital in the judgment entry shows that it is "ordered that said demurrers to plea four be and the same are hereby overruled," but does not show a formal adjudication on the demurrers.—*Ala. Nat. Bk. v. Hunt et al.,* 125 Ala. 512, 28 South. 488; *Cartlidge v. Sloan,* 124 Ala. 596, 26 South. 918; *Carter v. Long Bros.,* 125 Ala. 280, 28 South. 74; *Bessemer L. & I. Co. v. Dubose,* 125 Ala. 442, 28 South. 380; *Dantzler v. Swift Creek Co.,* 128 Ala. 410, 30 South. 674; *Tutwiler Co. v. Enslen, Adm'r,* 129 Ala. 336, 30 South. 600; *M. & C. R. R. Co. v. Martin,* 131 Ala. 269, 30 South. 827. The special plea (No. 4) demurred to, however, was sufficient, as it alleged and set out the fraudulent representations made in procuring the de-

fendant's signature to the contract, and was a sufficient averment of fraud in a plea filed in a trial on appeal from a justice court, where the trial is de novo and "according to equity and justice," etc.—Code, § 4720.

There are other assignments of error going to the court's rulings on the evidence; but the bill of exceptions show no exception reserved to any of these various rulings assigned as error, and they cannot be considered.—*Van Kirk Land Co. v. Green,* 132 Ala. 348, 31 South. 484; *Stuart v. Mitchum,* 135 Ala. 546; 33 South. 670; *Woodson v. State,* 170 Ala. 87, 54 South. 191; *Gordon v. McLeod,* 20 Ala. 242.

The judgment of the court finding for the defendant was supported by the evidence under the issues formed. The written contract or order relied upon by plaintiff is not set out in the bill of exceptions, and we have nothing before us that would enable us to pass intelligently on the assignment of error that the judgment is erroneous in disregarding the written contract. This court is not authorized to disturb the findings of the trial court on the evidence in a trial had before it without a jury, unless plainly erroneous or manifestly wrong. The judgment and conclusions of the lower court upon the evidence must be given the force and effect of a finding by a jury.—*Montgomery Lodge v. Massey,* 159 Ala. 437, 49 South. 231; *Minchener v. Robinson,* 169 Ala. 472, 53 South. 749; *Kelly v. Anniston,* 164 Ala. 631, 51 South. 415; *City of Ensley v. Smith,* 165 Ala. 387, 51 South. 343; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Ward v. Shirley,* 131 Ala. 568, 32 South. 489; *Little v. Smith,* 119 Ala. 461, 24 South. 427; *Bank v. Chaffin,* 118 Ala. 246, 24 South. 20; *Millner v. State,* 150 Ala. 95, 43 South. 194; *Callahan v. Nelson,* 128 Ala. 671, 29 South. 555; *Randall v. Wadsworth,* 130 Ala. 633, 31

South. 555; *L. & N. R. R. Co. v. Solomon,* 127 Ala. 189, 30 South. 491; *Kirksey v. Kirksey,* 41 Ala. 626.

The conclusion of the circuit court in finding the issues for the defendant is without error. The judgment of the court below is affirmed.

Affirmed.