# Smith *v.* Shadix.

## *Detinue.*

(Decided June 19, 1912. 59 South. 706.)

*Appeal and Error; Finding of Fact.*—Where there was sufficient evidence to sustain a finding that, while the defendant had forbidden plaintiff to drive across his plowed land, he had not forbidden him to remove the lumber over an existing wagon road, a finding by the court sitting without a jury, upon the disputed issue of whether defendant detained the lumber, in favor of the defendant will not be disturbed on appeal.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Detinue by W. D. Smith against C. C. Shadix. Judgment for defendant and plaintiff appeals. Affirmed.

R. G. ROWLAND, for appellant. It is the wrongful detention and not the original taking that gives a cause of action in detinue.—*Pruitt v. Gunn*, 158 Ala. 123; *Wittick v. Traun*, 27 Ala. 562. Under the facts in this case the plaintiff was entitled to recover the lumber in his action of detinue as the refusal to permit plaintiff to remove his lumber, was tantamount to a wrongful detention.

WHATLEY & CORNELIUS, for appellee. Counsel insist that under the facts in this case and the elementary principles of law applicable thereto, the judgment should be affirmed.

PELHAM, J.—The appellant instituted a suit in detinue to recover certain lumber that had been left by him on the land of the appellee, where appellant had been operating a sawmill. No claim was made to the lumber by the defendant, but objection was made by him to the plaintiff going over his plowed land in hauling the lumber to the public road, a distance of about 100 yards. It was admitted on the trial that the lumber was the property of the plaintiff, and that the defendant had no right or claim to it.

The only question was whether the defendant had detained the property. The evidence was in conflict on this question. There was evidence going to show that when the plaintiff discontinued his sawmill operations on the defendant's land, the defendant informed him that he could remove the lumber at any time. Some of the evidence was to the effect that the defendant refused to allow the plaintiff to remove the lumber, and there was evidence introduced by the defendant tending to prove that the plaintiff undertook to move the lumber by going over an old road that had been ploughed up and a crop planted on the land, and that the defendant

did not prevent the plaintiff from moving the lumber in any way, except that he informed the plaintiff that he could not haul it over this road that had been ploughed up and planted; that there was another road, more or less accessible and convenient, over which the plaintiff could have hauled the lumber; and that the defendant never told the plaintiff to stay off the land, or that he could not haul the lumber at any time, but only notified him not to drive over the ploughed land.

Under this state of the evidence it was a question of fact for the determination of the court as to whether or not the defendant had been guilty of detaining the plaintiff's property, and the court, sitting without a jury, who had the benefit of having the witnesses before it and hearing their testimony, found this disputed issue of fact in favor of the defendant. "The finding and conclusion of the court in cases tried by a judge without a jury stand as the verdict of the jury, and the credibility of the evidence is for the trial court, and can only be examined with a view of determining whether or not the judgment is supported by the evidence."—*Winter-Loeb Grocery Co. v. Mutual Warehouse Co.,* 4 Ala. App. 431, 58 South. 807; *Millner v. State,* 150 Ala. 95, 43 South. 194; *Montgomery Lodge v. Massie,* 159 Ala. 437, 49 South. 231; *Minchener v. Robinson,* 169 Ala. 472, 53 South. 749; *Kelly v. City of Anniston,* 164 Ala. 631, 51 South. 415; *City of Ensley v. Smith,* 165 Ala. 387, 51 South. 343; *Lumber & Export Co. v. Jackson Co.,* 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720. There was sufficient evidence from which the trial court could have found that the defendant was not guilty of having detained the plaintiff's property, and its finding cannot be disturbed.

Let the judgment of the court below be affirmed.

Affirmed.