# Bethea-Starr P. & S. Co. *v.* Douglass.

## *Assumpsit.*

(Decided April 13, 1915.  68 South. 515.)

1. *Landlord and Tenant; Repair; Burden of Proof.*—The landlord is not bound to repair in the absence of an agreement, and consequently the tenant has the burden of showing a covenant to repair.

2. *Appeal and Error; Review; Findings of Court.*—The finding of the trial court on conflicting evidence will not be disturbed on appeal.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by Hartwell Douglass, as agent against Bethea Starr Packing & Shipping Company, for rent, in which the defendant sought to set off certain damages, because of leaks. There was judgment for plaintiff and defendant appeals. Affirmed.

THETFORD, BLAKELY & STRASBURGER, for appellant. A subsequent promise by one party will support a new promise to comply with the terms of the old contract. —*Turlington v. Slaughter*, 54 Ala. 195. The practice of deceit is a sufficient consideration for a new promise.— *Gordon v. Phillips*, 13 Ala. 565.

HILL, HILL, WHITING & STERN, for appellee. In the absence of an agreement to do so, a landlord is not bound to make repairs.—*Morgan v. Shepherd*, 156 Ala. 403. A parol agreement to repair made prior to a written lease is not admissible.—*Thompson F. & M. Co. v. Glass*, 136 Ala. 648. The finding of the court on conflicting evidence will not be disturbed on appeal.

PELHAM, P. J.—The only assignments of error made are that the court erred in rendering judgment for the appellee, who was plaintiff in the trial court, without giving the defendants credit for damages which they claimed by way of set-off or recoupment. The case was tried by the court without a jury, and the evidence was in conflict on the question of the defendants' right to set off the damages claimed to have resulted from the plaintiff's failure to repair the roof of a warehouse, for the rent of which the notes, the foundation of the suit, were given.

Under the familiar rule, this court in reviewing the action of the trial court, that had the witnesses before

it, would not disturb the finding of that court on the
facts, unless clearly erroneous and the facts plainly
and palpably failed to support the finding made. Such a
case is not presented by the record. The evidence was
in conflict on all of the issues of fact entitling the de-
fendants to have their claim of set-off allowed, and it
may be, for aught to the contrary appearing, that the
trial court agreed with the appellants as to all of the
propositions of law insisted upon and found the disput-
ed facts against them. To enumerate, the issues of fact
involving the appellants' right to have the set-off claim-
ed by them allowed were: First, whether the plaintiff
in the verbal negotiations preliminary to making the
written lease agreed to keep the roof in repair during
the defendants' tenancy, or only to put it in repair for
occupancy; second, whether it was agreed upon by the
parties in these preliminary negotiations that a provi-
sion or stipulation for repairs should be incorporated
in the written lease, and, if so, whether the defendants,
in reliance upon such an agreement, were fraudulently
induced to enter into the lease without reading it; and,
third, whether the repairs made were a full compliance
with the plaintiff's obligation or agreement to repair,
to the extent that he would not be liable for the dam-
ages claimed by way of set-off for failure to keep in re-
pair. In the absence of an agreement to that effect the
landlord is not bound to repair (*Morgan v. Sheppard*,
156 Ala. 403, 47 South. 147), and the burden was upon
the defendants to establish their defense of set-off. We
cannot say from an examination of the evidence set out
in the bill of exceptions but that the court found the
issues of fact against the appellants on their defense of
set-off, and we are unable to say, allowing the presump-
tions that are properly to be indulged in favor of the
trial court's having made a correct finding and arrived

at a correct conclusion from the conflicting evidence adduced ore tenus before it, that the finding made and conclusions thus arrived at are clearly erroneous. Unless we could, the trial court is not to be put in error for the judgment rendered based on these findings of fact upon which the evidence was in conflict.—*Winter-Loeb Grocery Co. v. Mutual Warehouse Co.,* 4 Ala. App. 431, and authorities cited on pages 436 and 437, 58 South. 807.

Affirmed.