[Stedham v. Robertson.]  ·

# Stedham *v.* Robertson.

### Detinue.

(Decided December 14, 1915.  71 South. 62.)

**Appeal and Error; Review; Question of Fact.**—Where a case is tried by the court without the intervention of a jury, and the evidence, consisting of the oral testimony of witnesses, is conflicting, and there is sufficient evidence to support the judgment rendered, the appellate courts will not review the finding of the trial court since the credibility of the evidence was for the trial court.

APPEAL from Cleburne Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Detinue by J. T. Stedham against G. W. Robertson. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff sued for one light bay horse mule and one 2¾ wagon. Defendant admitted possession of the property sued for,

but denied that plaintiff had any right, title, or interest in it, and avers that on March 5, 1913, J. H. and E. L. Shaw executed a mortgage to defendant on said property, and, default having been made in the payment of said mortgage, defendant foreclosed same, and bought the property, by virtue of the power of sale under said mortgage, and that said property is the property of defendant, and that plaintiff came to title under and by virtue of a mortgage executed by J. H. Shaw to Barfield-Green Mercantile Company, which mortgage purports to have been transferred to E. L. Shaw, and by E. L. Shaw transferred to plaintiff. The defendant alleges that the mortgage was paid about March 1, 1913, and the attempted transfer did not carry with it any title to the property involved in the suit. As a reply thereto, plaintiff set up that a mortgage of March 5, 1913, given by the Shaws to defendant, was on condition that the said mortgage should be void if a certain bond of the same date should not be used in the circuit court, and it is averred that the bond was not used, and that therefore the mortgage is void. The evidence was in serious conflict on these various propositions, was given ore tenus, and judgment rendered thereon for the defendant.

RUTHERFORD LAPSLEY, for appellant. MERRILL & WALKER, for appellee.

PELHAM, P. J.—The conclusions of the court on the facts, and the judgment rendered thereon, when the case is tried before the judge without the intervention of a jury, should not be disturbed on review, if the judgment rendered can be supported by the evidence.—*Montgomery Lodge v. Massie,* 159 Ala. 437, 49 South. 231; *Minchener, et al. v. Robinson,* 169 Ala. 472, 53 South. 749; *Kelly v. City of Anniston,* 164 Ala. 631, 51 South. 415; *McIntyre Lumber & Export Co. v. Jackson Lumber Co.,* 165 Ala. 268, 51 South. 767, 138 Am. St. Rep. 66; *Millner v. State,* 150 Ala. 95, 43 South. 194.

An examination of the evidence set out in the record shows a conflict that the court, having the witness before it, decided in favor of the defendant. We cannot undertake to review the action of the court in passing on conflicting evidence, consisting of the oral testimony of witnesses the court had the advantage of personally observing on the witness stand. Beyond a doubt there was sufficient evidence to support the judgment rendered,

[Glenn v. City of Prattville.]

and the credibility of the evidence was a matter for the trial court.—Authorities supra. The only error assigned on the appeal is the action of the circuit court in rendering judgment in favor of the defendant on the evidence.

Affirmed.