150 So. 702

## C–J PARTS CO. et al. v. ECHOLS.

### 7 Div. 943.

Court of Appeals of Alabama.

Sept. 12, 1933.

Rehearing Denied Oct. 3, 1933.

L. B. Rainey, of Gadsden, for appellants.

Motley & Motley, of Gadsden, for appellee.

BRICKEN, Presiding Judge.

Appellee, a minor, by next friend, brought suit against appellants, to recover the sum of $90 alleged in the first count to be due on account; and in the second count, for money had and received. The cause was tried by the court below without a jury and judgment rendered for plaintiff for the amount sued for. From this judgment defendants appealed.

The transaction complained of grew out of a sale of a secondhand, or used, car, to plaintiff, a boy 17 years of age.

The controlling question in this case is one of fact and relates to the identity of the purchaser of the car in question. As to this, we think the evidence was ample to sustain the judgment rendered by the lower court. Certainly so under the well-established rule to the effect that the appellate courts will not set aside a judgment and reverse a case on appeal where it was based upon conflicting evidence. It is also the rule that the conclusion of a court sitting without a jury, if based upon oral testimony of witnesses,

554

must on appeal be given the force and effect of a verdict of a jury, and, unless plainly wrong, cannot be disturbed, though the statute (Code 1923, § 6088) requires the appellate courts to review the judgment and finding without any presumption in favor of the court below on the evidence. Winter-Loeb Grocery Co. v. Mutual Warehouse Co., 4 Ala. App. 431, 58 So. 807; Glenn Refining Co. v. Webster, 5 Ala. App. 441, 59 So. 717.

The questions of law involved in this case are simple, and the rulings of the court thereon were without error. It would serve no good purpose to restate the points of decision and the law in this connection, there being but slight, if any, controversy presented. As stated, the controlling question was one of fact only. The judgment of the court from which this appeal was taken is affirmed.

Affirmed.